SMITH, *Appellant*, v. LAUMIER.

1. **Revenue** : CLAIMANT : TAX SALE. The "successful claimant" mentioned in the statute (Session Acts, 1872, section 220), is one who claims adversely to the demands of the revenue law, and not one claiming under a subsequent tax sale.

2. **Subsequent Tax Sale** : PURCHASER : TAXES.' A purchaser at a subsequent tax sale does not become liable for money paid by a former purchaser under an older assessment, as to which he is not in default.

3. **Judgment, for Whom Rendered** : HOLDER OF TAX DEED. The court cannot render a money judgment for a plaintiff who claims as the holder of a tax deed, which has been excluded from evidence, and as to which there is no other evidence.

4. **Tax Deed, Exclusion of From Evidence** : PRESUMPTION. Where the reasons for the exclusion from evidence of a tax deed under which the plaintiff claims do not appear, it will be presumed that it was properly excluded. *

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*J. S. Dobyns* for appellant.

(1) The several objections urged by defendant against the tax deed offered in evidence by plaintiff, were well taken, and he was not entitled to recover the possession of the land thereunder. This is conceded. The tax deed, therefore, did not convey the title of the land to plaintiff's grantor, but only operated to vest in him the tax lien formerly held by the state. *State to use Rosenblatt v. Herman*, 7 Mo. App. Rep., p. 420. (2) Having failed in his action of ejectment, plaintiff was entitled to recover a moneyed judgment against the land in accordance with the alternative prayer for relief contained in his petition. 2 Wagner's Statutes (1872), pp. 1206-7, sec. 219. (3) The law in force at the time of the *purchase* determines the rights of parties. *Nelson v. Rountree*, 23 Wis., 867 ; Blackwell on Tax Titles (4 Ed.), p. 330. (4) Such title vested in the state on

---

* These syllabi are taken from 12 Mo. App. 546.

forfeiture as to pass the fee in the land on the sale to Allen, had his tax deed been in proper form. *State to use Rosenblatt v. Herman*, 7 Mo. App. 420 ; Blackwell on Tax Titles (4 Ed.), p. 540 ; 2 Wagner's Statutes (1872), sec. 200, p. 1201, and sec. 223, p. 1207.

*Broadhead & Haeussler* for respondent.

(1) There was no evidence to sustain the judgment of circuit court; the court of appeals should have not only reversed cause but given judgment for defendant. The defendant was in no manner liable. *Abbott v. Lindenbower*, 42 Mo. 162 ; *Allen v. Armstrong*, 16 Iowa 508 ; *Tanerdee v. Rhodes*, 26 Wis. 215. (2) Under third paragraph of section 220, of Acts of 1872, page 129 (upon which plaintiff rests his cause), there could be no recovery against any one, except Kroeger, the party against whom assessment was made and whose interest in the property was sold to Allen—as also to defendant. *Robbins v. Barron*, 32 Mich. 36 ; *Anderson v. Rider*, 46 Cal. 134 ; *Preston v. Gordon*, 31 Iowa 250. (3) On the undisputed facts and evidence the plaintiff could not recover against defendant—he having a superior title to the plaintiff, acquired in same manner against same party. Laws, 1872, p. 130, sec. 223 ; also, see 200, 219, 211.

NORTON, J.—This case is before us on plaintiff's appeal from a judgment of the St. Louis court of appeals reversing the judgment of the circuit court of the city of St. Louis, and remanding the cause. The opinion of the court of appeals is reported in 12 Mo. App. 547, where all the questions raised before us in the briefs of counsel are fully considered. We are of the opinion that the conclusion reached is abundantly sustained by the reasons therein given, and deeming it unnecessary to go over the same ground and repeat here, the judgment is affirmed. All concur.