SILVER, RESPONDENT, *v.* EAKINS, EXECUTRIX, APPELLANT.

(No. 3,932.)

(Submitted September 16, 1918.   Decided October 14, 1918.)

[175 Pac. 876.]

*Partnership—Assets—Recovery—Complaint—Death of Partner—Effect—Evidence—Copies — Actions — Dismissal — Discretion.*

Partnership—Recovery of Partnership Assets—Complaint.
    1.   Complaint in an action by a surviving partner to recover partnership property from the estate of the deceased partner, *held* insufficient, under section 7607, Revised Codes, for failure to disclose the amount of the firm's debts, if any, or the amount or value of its assets in plaintiff's possession.

Same—Action Against Partner—Rule.
    2.   The rule that one partner cannot maintain an action at law against his copartner until an accounting is had and a balance determined ceases upon the death of one of them.

Same—Death of Partner—Rights of Surviving Partner.
    3.   Upon the death of one partner, the partnership is dissolved, and the surviving partner is at once entitled to the possession of sufficient firm property to discharge its debts, and, if necessary for that purpose, to maintain an action for money had and received to recover firm assets from the estate of the deceased partner.

Actions—Dismissal—Want of Prosecution—Discretion.
    4.   Whether an action should be dismissed for want of prosecution is a question addressed to the discretion of the trial court.

Partnership—Death of Partner—Rights of Surviving Partner.
> 5. The failure of a surviving partner to give the bond required by section 7607, Revised Codes, did not affect his right to the possession of the firm property, or defeat his right to maintain any appropriate action concerning it.
>
> [As to the effect of the death of one member of the firm, see notes in 77 Am. Dec. 114; 86 Am, Dec. 600.]

Same—Elements of—Evidence—Sufficiency.
> 6. To establish the existence of a partnership it is not necessary that its elements should be made to appear by direct evidence; if the jury could, from the evidence before them, draw the legitimate inferences required to complete proof of its existence, it was sufficient.

Evidence—Copies of Entries in Bank Books.
> 7. Copies of accounts taken from a bank ledger, being secondary evidence, were inadmissible under section 7872, Revised Codes, but the witness called to testify concerning them could properly show the general results shown by the ledger, *i. e.*, the balance deducible from computation.

Same—Use of Memorandum—Preliminary Proof.
> 8. The use of a memorandum by a witness in testifying is, under section 8020, Revised Codes, permissible only after the necessary preliminary proof qualifying the witness has been made.

*Appeal from District Court, Silver Bow County in the Second Judicial District; R. Lee Word, a Judge of the First District, presiding.*

Action by J. R. Silver against Mary A. Eakins, as executrix of the last will and testament of John Eakins, deceased. From a judgment for plaintiff and an order denying new trial, defendant appeals. Reversed and remanded.

*Mr. W. A. Pennington,* for Appellant, submitted a brief, and argued the cause orally.

The authorities cited below covering tortious acts of the executor or administrator, including negligence, trespass, taking, withholding and converting money, property or effects, or applying property of others to the uses of the estate, as well as contracts, express and implied, written or oral, made by the executor or administrator, all hold that an action against the executor or administrator, as such, does not lie, and that all such claims for acts of the representative, occurring after the death of the testator or intestate, can only be prosecuted against the executor or administrator, personally, who may in

turn have the claim allowed to him in the settlement of his accounts with the estate, if the transaction resulted to the advantage of the estate. (*Dodson* v. *Nevitt,* 5 Mont. 518, 6 Pac. 358; *First Nat. Bank* v. *Collins,* 17 Mont. 433, 52 Am. St. Rep. 695, 43 Pac. 499; *Sterrett* v. *Barker,* 119 Cal. 492, 51 Pac. 695; *Nickals* v. *Stanley,* 146 Cal. 724, 81 Pac. 117; *State ex rel. Kelly* v. *Second Judicial District Court,* 25 Mont. 33, 63 Pac. 717; *Garver* v. *Thoman,* 15 Ariz. 38, 135 Pac. 724; *Hickman-Coleman Co.* v. *Leggett,* 10 Cal. App. 29, 100 Pac. 1072; *Van Slooten* v. *Dodge,* 145 N. Y. 327, 39 N. E. 950; 2 Woerner's American Law of Administration, 2d ed., sec. 356; Schouler on Executors and Administrators, 3d ed., sec. 256.)

The complaint alleges that the fund in question was firm property, and that the defendant, as executrix, disputes his claim and refuses to give it to him. This dispute, if an action lies against the executrix at all, must be determined in exactly the same manner as if it had arisen between Silver and Eakins, in the lifetime of Eakins, which would be a suit in equity. (*Boehme* v. *Fitzgerald,* 43 Mont. 226, 115 Pac. 413; *Riddell* v. *Ramsey,* 31 Mont. 386, 78 Pac. 597; *Gleason* v. *White,* 34 Cal. 258; *Arnold* v. *Arnold,* 90 N. Y. 580; *Gillett* v. *Chaves,* 12 N. M. 353, 78 Pac. 68, 71; *Blakely* v. *Smock,* 96 Wis. 611, 71 N. W. 1052; *Bruns* v. *Heise,* 101 Md. 163, 60 Atl. 604; *Miller* v. *Andres,* 13 Ga. 366; Story on Equity, 13th ed., secs. 659, 660, 672, 674, 677.)

*Mr. Francis A. Silver,* for Respondent, submitted a brief.

While the death of Eakins worked a dissolution of the partnership, it did not affect the firm estate except to give to respondent, as the sole surviving partner, exclusive control of the property. (*Bischoffsheim* v. *Baltzer,* 20 Fed. 890; *Miller* v *Jones,* 39 Ill. 54; *Andrews' Heirs* v. *Brown's Admr.,* 21 Ala. 437, 56 Am. Dec. 252; *Territory* v. *Redding,* 1 Fla. 242; *Appeal of Shipe,* 114 Pa. St. 205, 6 Atl. 103; *Robertshaw* v. *Hanway,* 52 Miss. 713; *Blodgett* v. *Muskegon,* 60 Mich. 580, 27 N. W.

686; *Valentine* v. *Wysor,* 123 Ind. 47, 7 L. R. A. 788, 23 N. E. 1076; *Huggins* v. *Huggins,* 117 Ga. 151, 43 S. E. 759.)

Until the surviving partner has performed his functions, he is entitled to the quiet and exclusive possession of all the firm assets. Neither heirs nor personal representatives have a right to possession of the partnership property until the partnership affairs are liquidated by the surviving partner and has delivered a balance to them. And if the heirs or personal representatives interfere with his possession of the firm assets, he can sue them at law. (*Hawkins* v. *Capron,* 17 R. I. 679, 24 Atl. 466; *Calvert* v. *Marlow,* 18 Ala. 67; *Hewitt* v. *Hayes,* 204 Mass. 586, 27 L. R. A. (n. s.) 154, 90 N. E. 985; *Sweet* v. *Taylor,* 36 Hun (N. Y.), 256; *Shields* v. *Fuller,* 4 Wis. 102, 65 Am. Dec. 293; *Kinsler* v. *McCants,* 4 Rich. (S. C.) 46, 53 Am. Dec. 711; *Thomasson* v. *Lucas,* 4 Ky. Law Rep. 889; *Compton* v. *Whitehouse,* 48 N. Y. Super. Ct. 208; *Clapp* v. *Walters,* 2 Tex. 130; 30 Cyc. 648.)

If an administrator or executor by virtue of his representative character receives property not belonging to the estate, he is liable in the same character to the person entitled. (*De Valengin* v. *Duffy,* 39 U. S. 282, 289, 10 L. Ed. 457, 460; *Conger* v. *Atwood,* 28 Ohio St. 134, 22 Am. Rep. 462; *Moran* v. *Morrill,* 78 App. Div. 440, 80 N. Y. Supp. 120; *Pabst Brewing Co.* v. *Small,* 83 Minn. 445, 86 N. W. 450; *Hill* v. *Escort,* 38 Tex. Civ. App. 487, 86 S. W. 367; *Collins* v. *Denny Clay Co.,* 41 Wash. 136, 82 Pac. 1012; *Murray* v. *Mumford,* 6 Cow. (N. Y.) 441; *Calvert* v. *Marlow,* 18 Ala. 67; *Hawkins* v. *Capron,* 17 R. I. 679, 24 Atl. 466.)

Secondary evidence of the books of the bank was admissible. The books of a bank are private books of public importance, and ought to be governed by the same rules that relate to the production of public records and documents in evidence. If the books of a bank are to be held liable to production in evidence at any time, because of the general and constant use and importance of these records, there is certain to result an inconvenience, not merely individual, but general in nature. (2 Wig-

more on Evidence, sec. 1223; *People* v. *Hurst,* 41 Mich. 328, 1 N. W. 1027; *Crawford* v. *Branch Bank,* 8 Ala. 79.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

M. J. McCune secured a contract to erect a warehouse for the Butte Wholesale Grocery Company, and also a contract for some work for the Colusa-Parrot Company. In each instance he gave a bond for the faithful performance of his contract, with plaintiff and John Eakins as sureties. Before either contract was fully executed, McCune notified Eakins & Silver that he was unable to complete the work, and directed them to take over the contracts, complete the work, collect the balance due, and pay the bills. Within two or three days thereafter McCune died. Eakins & Silver agreed between themselves to do as directed and to meet the pay-roll for the then current week. They borrowed $200 from the First National Bank, had the amount placed to the credit of "Eakins & Silver," and at the end of the week the laborers were paid by checks drawn by Eakins against this account and signed "Eakins & Silver." A dispute arose as to the amount due under the warehouse contract, and Eakins & Silver employed an architect to measure up the work and estimate the balance due. When this was done, the parties agreed that there was due under the contract proper the sum of $1,920.80, and for extras the further sum of $424.20, and two checks—one for each of these amounts—were drawn in favor of and delivered to John Eakins. Eakins became sick, and during his illness expressed his intention to indorse the checks and deliver them to Silver, but before this was done he died. The checks were found among his effects, were cashed, the money placed to the credit of his individual account, and later, when defendant qualified as executrix of his will, the money was treated as a part of the assets of his estate, and possession of it taken and retained by defendant as his personal representative. Silver, acting as sole surviving

partner of the firm of Eakins & Silver, presented a claim against the estate of John Eakins for the $1,920.80, but the claim was disallowed and this action was instituted to recover the amount.

Briefly, the complaint charges that Eakins & Silver were copartners engaged in completing the work under the McCune contracts, that Silver is sole surviving partner, that the $1,920.80 was and is partnership money, that it was received by Eakins and retained as a part of the assets of his estate, that plaintiff presented a claim for the amount, and that the claim was rejected. The answer admits the death of Eakins, the qualification of defendant as executrix, the rejection of plaintiff's claim, and denies all the other material allegations of the complaint. By way of affirmative defense it was alleged that Silver had failed to give the surviving partner bond required by section 7607, Revised Codes. On motion of plaintiff this defense was stricken from the answer. The trial resulted in a judgment for plaintiff, and from that judgment, and from an order denying a new trial, defendant appealed.

1. Does the complaint state a cause of action? Section 7607 defines the rights, duties and liabilities of a surviving partner. [1] It authorizes him to continue in possession of the partnership, to settle its affairs, and to account and pay over to the personal representative of the deceased partner any balance due in right of the decedent. Apparently the complaint was drawn upon the theory that the surviving partner is entitled as of right to the possession of all the firm assets until the partnership affairs are finally settled. If the partnership assets in the possession of Silver, as surviving partner, were sufficient to pay the partnership debts, then any balance due him in right of his partnership interest could be recovered only on a settlement of the firm account. (*Franklin* v. *Tonjours*, 1 White & W. Civ. Cas. (Tex.), sec. 506.) If the partnership assets in his possession exceeded the debts and Silver's interest, then manifestly it would be an idle ceremony to require the estate

to deliver this $1,920.80 to the surviving partner, only to require him to redeliver it to the estate upon final settlement. These observations suffice to disclose the reasonableness of the rule which requires the surviving partner to make known the amount of partnership debts and the amount of firm assets in his possession, to the end that the court may determine whether possession of firm property held by the estate of the deceased partner is necessary, in order that the surviving partner may discharge the duties imposed upon him by statute. The complaint does not disclose the amount of firm debts, if any, nor the amount or value of firm assets in the possession of the surviving partner, and for this reason it does not state a cause of action. (*Painter* v. *Painter's Estate*, 68 Cal. 395, 9 Pac. 450.)

We do not agree with appellant, however, that if the complaint contained these essential allegations it would still not state a cause of action. It is true that one partner cannot [2] maintain an action at law against his copartner, at least until an accounting is had and a balance determined, and the reason for this rule is apparent. The interest of each partner extends to every portion of the firm property (sec. 5469, Rev. Codes), and therefore neither partner is entitled, as against the other, to the exclusive possession of the whole or any specific part of the partnership assets. (*Boehme* v. *Fitzgerald*, 43 Mont. 226, 115 Pac. 413.) But whenever the reason for that rule ceases, so does the rule itself, and the reason ceases immediately upon the death of one partner. The partnership is [3] thereupon dissolved (section 5494), and the surviving partner becomes at once entitled to the possession of sufficient firm property to enable him to discharge the duties imposed by section 7607. (*Bank* v. *Silver*, 45 Mont. 231, 122 Pac. 584.) If, then, it was made to appear by this complaint that possession of this $1,920.80 was necessary to settle the firm debts, an action for money had and received would lie to recover it. (*Conger* v. *Atwood*, 28 Ohio St. 134, 22 Am. Rep. 462; 20 R. C. L., p. 1010.)

2. Whether this action should have been dismissed for want of prosecution was a question addressed to the sound legal discretion of the trial court, and in the absence of a showing of abuse of such discretion we are not disposed to interfere. (*Bank* v. *Albertson,* 39 Mont. 414, 102 Pac. 692.)

3. The failure of plaintiff to give the bond required by section 7607 did not affect his right to the possession of the firm property, or defeat his right to maintain any appropriate action concerning it. The bond is required merely to protect the interest of the deceased partner. (*Blaker* v. *Sands,* 29 Kan. 551; *Holman* v. *Nance,* 84 Mo. 674; *McCaughan* v. *Brown,* 76 Miss. 496, 25 South. 155.)

4. We think the evidence is sufficient to show that a partnership existed between Eakins & Silver. It is true that all the necessary elements do not appear from the direct evidence, and it is not necessary that they should; but we do think that from the direct evidence the jury might draw the legitimate inferences necessary to complete the proof. (*Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960.)

As between the parties, there was an assignment by McCune to Eakins & Silver of the two contracts and the balance due under them. In other words, Eakins & Silver stepped in the shoes of McCune, and agreed to complete the work, pay the workmen, and receive the balance due under the contracts. In the absence of any showing that there was not a possibility of profit to them, the inference is legitimate that they intended their agreement to comprehend the sharing of profits and losses; and in this connection we observe, in passing, that the evidence warranted the court in defining the term "partnership" in the language of section 5466, Revised Codes.

5. In several of the instructions the court ignored the principle to which we have adverted, *viz.,* that possession of the $1,920.80 by Silver was necessary to the discharge of his duties as surviving partner, and, though this objection was not interposed, attention is directed to the defect, that it may not appear upon another trial.

6. J. S. Dutton, cashier of the First National Bank, was [7] called to testify concerning the account of Eakins & Silver and the individual account of John Eakins. . He produced a copy of each account taken from the bank's ledger, and testified from it, over the objections of defendant. Assuming that the ledger was a book of original entry, within the meaning of section 7951, Revised Codes, and that the requisite preliminary proof had been made, as indicated by this court in *Ryan* v. *Dunphy*, 4 Mont. 356, 47 Am. Rep. 355, 5 Pac. 324, and *Meredith* v. *Roman*, 49 Mont. 204, 141 Pac. 643, the ledger itself would have been the best evidence of its contents, and secondary evidence was not admissible, since the case does not fall within any one of the first four subdivisions of section 7872, Revised Codes. In so far as it was sought to show the general results merely—for instance, the balance deducible from computation—the witness was properly permitted to state what was shown by the ledger (subd. 5, sec. 7872), but the copies themselves were not admissible.

It may be that in some jurisdictions the best evidence rule has been modified to admit copies of bank books, and that the inconvenience to the bank and its patrons, arising from the absence of the books in court when needed in the conduct of the bank's business, has been deemed sufficient justification for the change; but in this state the Codes have established the rule otherwise, and we are not at liberty to disregard it.

If it was the purpose of plaintiff to invoke the rule of section [8] 8020, which permits a witness to use a memorandum, it is sufficient to say he did not make the necessary preliminary proof. (*Marron* v. *Great Northern Ry. Co.*, 46 Mont. 593, 129 Pac. 1055.)

7. We think the special interrogatories submitted by defendant were not appropriate under the circumstances, and for this reason were properly refused. Each of them ignored the principle for which plaintiff contends, *viz.*, that McCune had previously assigned the $1,920.80 to the firm of Eakins & Silver.

The other assignments do not call for special consideration. For the reasons given, the judgment and order are reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

(Submitted September 16, 1918.   Decided October 22, 1918.)