BERTHA R. CREMER, Plaintiff and Appellant, v. ED BRAATEN and OLGA BRAATEN, his Wife, Defendants and Cross-Complaints and Respondent, v. CREMER RODEO LAND AND LIVESTOCK COMPANY, a corporation, Cross Defendant and Appellant.

No. 11361.
Submitted February 1, 1968. Decided March 12, 1968.
438 P.2d 553.

Rankin & Acher, Helena, Arthur P. Acher (argued), Helena, for appellants.

Anderson, Symmes, Forbes, Peete & Brown, Billings, Benjamin N. Forbes (argued), Billings, for respondent.

MR. JUSTICE JOHN C. HARRISON, delivered the Opinion of the Court.

This is an appeal from an order of dismissal entered in the district court at Big Timber, the Honorable Jack D. Shanstrom, district judge.

In this cause the complaint was filed on September 11, 1952. An answer and a cross-complaint against the Cremer Rodeo Land and Livestock Company was filed May 3, 1953. The plaintiff replied to defendants' answer and cross-complaint on May 23, 1953. During the period between the filing of the complaint and the plaintiff's reply in May 1953, depositions were taken of Bertha Cremer on February 13, 1953; the defendants on July 29, 1953; and Leo J. Cremer on August 22, 1953, all of which were filed on August 30, 1953. At that time the cause was at issue. Nothing was done to bring this case to trial for over twelve years.

In April of 1966 the matter was set for trial by order of the district court. The defendants moved to dismiss on the ground that plaintiff failed to prosecute her claim with reasonable diligence. Attorneys for the plaintiff and defendants both filed affidavits and thereafter the motion to dismiss was granted and an order of dismissal entered pursuant thereto. Upon motion of the plaintiff the order of dismissal was vacated in order that further argument could be had. Briefs were submitted and oral argument heard, and on May 26, 1967, the court concluded that the plaintiff had not prosecuted her case with reasonable diligence and entered a final order dismissing the action. The plaintiff then appealed setting forth as the sole issue that the court erred in granting the motion for dismissal of the above-entitled action.

■ ■ It is within the discretion of the trial court to dismiss an action if it has not been prosecuted with reasonable dili-

gence. It is presumed that the trial court acted correctly and its decision will not be overturned without a showing of an abuse of discretion. M.R.Civ.P., Rule 41(b); State Savings Bank v. Albertson, 39 Mont. 414, 415, 102 P. 692; Silver v. Eakins, 55 Mont. 210, 175 P. 876.

Plaintiff argues that the action could not be dismissed as defendant has shown no injury by the delay. When a plaintiff has slept on his cause for over twelve years the law presumes injury and places the burden on the plaintiff to show good cause for the delay. State ex rel. Johnstone v. District Court, 132 Mont. 377, 319 P.2d 957.

Plaintiff contends that there was no action taken in the case because the attorneys had agreed to get together and try to work out an agreement. The district court found that over twelve years was too long to wait to begin negotiations and we agree.

Plaintiff claims that when the defendants filed their answer and set up a cross-complaint that they then sought affirmative relief and became actors in the action and are therefore equally to blame for the delay and not entitled to dismissal.

In her complaint, the plaintiff sued on a promissory note and a mortgage. In their answer, the defendants pled payment of the debt by way of services performed. In the cross-complaint the defendants asserted that the services were performed for the Cremer Rodeo Land and Livestock Company and that they did not know what sort of connection there was between the Company and Bertha R. Cremer, the plaintiff. Defendants then prayed that if plaintiff received judgment against them that they receive judgment against the Company in a like amount. The defendants' pleadings were defensive in character and did not place upon them the duty to prosecute the action. Also, the defendants at no time asked affirmative relief against the plaintiff so defendants were not obligated to press for a final determination of the case.

We agree with the decision of Judge Shanstrom and his order dismissing the action is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and Mr. JUSTICES HASWELL, ADAIR and CASTLES, concur.