No. 13900

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

TIMOTHY T. CALAWAY,

                    Plaintiff,

          -vs-

SID JONES,

                    Defendant.

---------------------------------------------

SID JONES,

                    Third Party Plaintiff and Appellant,

          -vs-

PARKER IRRIGATION & SUPPLY et al.,

                    Third Party Defendants and Respondents.

---

Appeal from:   District Court of the Eighth Judicial District,
               Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver, Great Falls, Montana
        George N. McCabe argued, Great Falls, Montana

    For Respondents:

        Marra, Wenz, Iwen and Johnson, Great Falls, Montana
        Alexander, Kuenning & Miller, Great Falls, Montana
        Edward C. Alexander argued, Great Falls, Montana
        Dzivi, Conklin, Johnson & Nybo, Great Falls, Montana
        William Conklin argued, Great Falls, Montana
        Cure and Borer, Great Falls, Montana
        Edward W. Borer argued, Great Falls, Montana
        Smith, Emmons, Baillie and Walsh, Great Falls, Montana
        Dennis P. Clarke argued, Great Falls, Montana

---

                              Submitted:  May 1, 1978

                              Decided:  JUN 2 8 1978

Filed:  JUN 2 8 1978

Thomas J. Kearney
                                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

This is an appeal from an order of dismissal entered in the District Court, Cascade County.

This action was commenced by a complaint filed on December 5, 1972, by plaintiff Timothy T. Calaway, against defendant Sid Jones. The complaint alleged Calaway leased land from Jones in 1971, to be seeded in potatoes. Jones agreed to provide irrigation for the land. The parties additionally agreed on a division of crop shares. Calaway alleged Jones failed to provide the irrigation system required and, as a result, the entire crop was lost.

On January 3, 1973, Jones filed an answer, counterclaim and third party complaint, denying responsibility for the crop loss, alleging sums due and owing him from Calaway and asserting claims seeking both affirmative relief and idemnification against Parker Irrigation & Supply, a division of Bitterroot Cannery & Wholesale Supply Company, a Montana corporation; Simpson Timber Company, a corporation; Gheen Irrigation Works, a corporation; and B. F. Goodrich Company, a corporation, third party defendants and respondents. In sum, the third party complaint alleged the irrigation system installed and furnished by respondent Parker Irrigation & Supply, and materials manufactured by the other respondents, were defective and, therefore, responsible for the crop failure.

Respondents filed answers, the last was filed by Parker Irrigation on November 27, 1973. By reason of crossclaims between the respondents for indemnity, the pleadings between respondents were not completed until April 1975.

Interrogatories were sent by Jones to all respondents following the initiation of the third party action. The interrogatories were completed upon the June 26, 1974, receipt of the answers of Parker Irrigation.

B. F. Goodrich Company submitted interrogatories to Jones on September 10, 1973. Upon his failure to answer, Goodrich, on June 27, 1974, moved to compel answers to its interrogatories. Jones answered the interrogatories on July 2, 1974.

Jones was to be deposed by Goodrich on March 3, 1975. However, Jones failed to appear, and was not deposed until March 24, 1975, upon the order to appear entered by the District Court. Jones has taken no further action in prosecution of his third party claims.

Finally, on May 12, 1977, Simpson Timber Company moved to dismiss the third party complaint for want of prosecution. The other respondents joined in the motion. A hearing on the motions was held on June 1, 1977. On June 7, 1977, the District Court granted the motions to dismiss, finding:

> "* * * that the third party plaintiff has not been diligent in the prosecution of the third party complaint, or in procuring determination of the principal action and that there is no adequate excuse for the delay * * *."

Jones appeals the June 7, 1977, order of the District Court dismissing his third party complaint.

The sole issue presented for review is whether the District Court abused its discretion in dismissing the third party complaint for want of prosecution.

The rule of civil procedure which governs the dismissal of an action for failure to prosecute is Rule 41(b), M.R.Civ.P. It provides in part:

"INVOLUNTARY DISMISSAL -- EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *"

It is generally held, in the absence of a statute prescribing time limitations for bringing an action to trial, that the matter of dismissal for want of prosecution is a matter addressed to the sound discretion of the trial court. This Court stated in Cremer v. Braaten, (1968), 151 Mont. 18, 19, 20, 438 P.2d 553:

"It is within the discretion of the trial court to dismiss an action if it has not been prosecuted with reasonable diligence. It is presumed the trial court acted correctly and its decision will not be overturned without a showing of an abuse of discretion. M.R.Civ.P., Rule 41(b); State Savings Bank v. Albertson, 39 Mont. 414, 415, 102 P. 692; Silver v. Eakins, 55 Mont. 210, 175 P. 876."

In the instant case, Jones argues the District Court abused its discretion in dismissing the cross-complaint as respondents have shown no actual prejudice occasioned by the delay, as all witnesses are presently available for trial. Likewise, Jones contends the delay attributable to him was not exceedingly lengthy, thus failing to give rise to a presumption of prejudice. We cannot agree with this contention in view of the conduct of Jones during the discovery phase of the the proceedings.

It is well established in Montana law that an action may be dismissed for failure of the plaintiff to prosecute it with due diligence, absent a sufficient showing of excuse. State ex rel. Johnstone v. District Court, (1957), 132 Mont. 377, 319 P.2d 957; Cremer v. Braaten, supra. The unanimous weight of authority demonstrates that the rule is equally applicable to a defendant's failure to diligently prosecute a cross-claim or counterclaim. Seaman v. Superior Court of Marin County, (1920), 183 Cal.47, 190 P. 441; Harris v. Harris, (1948), 65 Nev. 342, 196 P.2d 402; Pettine v. Rogers, (1958), 63 N.M. 457, 321 P.2d 638; Hanson v. Lee, (1970),

3 Wash.App. 461, 476 P.2d 550; 27 CJS.Dismissal & Nonsuit §65.

It was initially held in Montana that mere lapse of time is insufficient in itself to justify a dismissal. State Savings Bank v. Albertson, (1909), 39 Mont. 414, 102 P. 692. However, in commenting upon the rule in Cremer v. Braaten, supra, this Court stated:

> "Plaintiff argues that the action could not be dismissed as defendant has shown no injury by the delay. When a plaintiff has slept on his cause for over twelve years the law presumes injury and places the burden on the plaintiff to show good cause for the delay. State ex rel. Johnstone v. District Court, 132 Mont. 377, 319 P.2d 957." 151 Mont. 20.

An unreasonable delay therefore operates to place upon the party seeking relief the burden of demonstrating a reasonable excuse for his inaction.

Here, however, we find the delay occasioned by Jones' inaction to be unreasonable. Jones failed to take any significant action towards a final determination of the case for at least three years prior to the dismissal, and has offered no excuse for the delay. Jones' failure to timely respond to certain interrogatories, and failure to appear at a scheduled deposition characterize his inaction regarding furtherance of an ultimate resolution of his claim.

As no abuse of discretion in dismissing the cross-claim has been demonstrated, the order dismissing such claim in favor of respondents and each of them is affirmed.

_____
Justice.

We Concur:

_Charles F. Haswell_
Chief Justice

_John Conway Harrison_

_____

_____
Justices.