No. 81-08

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

PHYLLIS J. PETERS,

Plaintiff, Cross-Defendant and Appellant,

-vs-

CLARENCE T. NEWKIRK,

Defendant, Cross-Plaintiff and Respondent.

---

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Carbon, The Honorable
William J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Joseph E. Mudd, Bridger, Montana

For Respondent:

Thomas L. Bradley, Laurel, Montana

---

Submitted on Briefs:  July 30, 1981

Decided:  September 15, 1981

Filed: SEP 15 1981

Thomas J. Kearney
———————————————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from an order granting summary judgment against her, dismissing her complaint and dismissing defendant's cross-complaint.

Plaintiff Phyllis Peters filed an unlawful detainer action against defendant Clarence Newkirk for triple damages. The complaint alleged an agreement by defendant to purchase, breach thereof by defendant, damages, and unlawful detainer by defendant. Defendant filed a general denial for answer and a cross-complaint for specific performance of the purchase contract. Plaintiff answered the cross-complaint substantially denying the facts on which defendant's claim for specific performance was based.

The pleadings were completed on December 8, 1975. On December 31, 1975, plaintiff filed a note of issue indicating the case was ready for trial before the court sitting without a jury. The District Court set the trial for January 22, 1976. This trial setting was vacated on January 21.

In January 1977, the District Court gave notice of the intention to dismiss the action on its merits unless good cause was shown by February 3 why the case should not be dismissed. The date for showing cause was continued to March 3.

The case was reset for trial on April 14, 1977. The trial setting was vacated on that date at request of counsel pending settlement.

On April 13, 1978, the District Court gave a second notice of its intention to dismiss the case unless good cause was shown by April 27. The date for showing cause was continued seven times thereafter, the last continuance being at the convenience of court and counsel.

On January 17, 1980, the District Court gave another notice of its intention to dismiss the case unless good cause was shown by January 28. The date for showing cause was continued one time.

On February 29, defendant filed his motion to dismiss the case in the interests of justice, or in the alternative for summary judgment. On March 10 a hearing was held. A minute entry on that date shows that "Counsel agreed that summary judgment may be entered and an order will be presented for the court's signature." On November 17, 1980, the District Court ordered that summary judgment be entered for defendant, that plaintiff's complaint be dismissed, and that defendant's cross-complaint be dismissed. Plaintiff appeals from this order.

Three issues are presented for review:

(1) Was dismissal of the complaint proper?

(2) Was summary judgment proper?

(3) Does equitable estoppel bar plaintiff's claim of lack of authority in counsel to stipulate for entry of summary judgment?

We need only address the first issue in deciding this appeal. This case is almost six years old. The pleadings were completed and the case set for trial over five years ago. The trial setting was vacated twice. The District Court notified counsel by three separate written notices in 1977, 1978, and 1980 of its intention to dismiss the case unless good cause was shown by specific dates why the case should not be dismissed. The record discloses no such showing. The date for showing cause was continued 9 different times over a period of approximately three years.

Rule 41(b), M.R.Civ.P. provides in pertinent part:

"_Involuntary dismissal -- effect thereof_. For failure of the plaintiff to prosecute or to comply with . . . any order of court, a defendant may move for dismissal of an action or of any claim against him . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits."

Here the record discloses the January 21, 1976, trial date was vacated as the case was settled and that the April 14, 1977, trial setting was vacated pending settlement. The record further

- 3 -

discloses no cause shown by plaintiff to the trial court why the case should not be dismissed. Inaction for three years and lack of any excuse has been found unreasonable. Calaway v. Jones (1978), 177 Mont. 516, 582 P.2d 756. The delay here was unreasonable for the same reason.

Where an unreasonable delay has occurred, the burden rests upon plaintiff to come forward and demonstrate an excuse for his inaction. Calaway, supra; Cremer v. Braaten (1968), 151 Mont. 18, 438 P.2d 553. The record discloses no cause shown to the trial court by the plaintiff for the delay after April, 1977.

Prejudice to the defendant due to unreasonable delay is presumed. Cremer, supra; State ex rel. Johnstone v. Dist. Ct. (1957), 132 Mont. 377, 319 P.2d 957.

The action of the trial court on a motion for dismissal for lack of prosecution is addressed to the trial court's sound discretion. It is presumed that the trial court acted correctly and its decision will not be overturned absent an abuse of that discretion, Calaway, supra; Cremer, supra; Johnstone, supra; Silver v. Eakins (1918), 55 Mont. 210, 175 P. 876; State Savings Bank v. Albertson (1909), 39 Mont. 414, 102 P. 692. Here there is no abuse of discretion by the trial court.

Plaintiff for the first time in his reply brief suggests that the delay is attributable to the infrequent appearances of a district judge in Carbon County. This contention loses much of its credibility because plaintiff has waited over five years to raise it. No substantiation of that contention is offered. Moreover, this Court will not review a matter raised for the first time on appeal. Northern Plains v. Board of Natural Resources (1979), ____Mont.____, 594 P.2d 297, 36 St.Rep. 666, and cases cited therein.

In view of our ruling on the first issue on appeal, it is unnecessary to reach the last two issues.

- 4 -

The order of the trial court dismissing the complaint and cross-complaint is affirmed.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

- 5 -