No. 83-264

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

JOHN A. SHACKLETON,

      Plaintiff and Appellant,

  -vs-

ROBIN R. NEIL, an individual,
S.S. WHITE COMPANY, and JOHN
DOE CORPORATION,

      Defendants and Respondents.

S.S. WHITE RETAIL DIVISION,
a Division of Pennwalt Corporation,

      Third Party Plaintiff and Respondent,

  -vs-

TELEDYNE, INC., a corporation,

      Third Party Defendant and Respondent.

APPEAL FROM:  District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable H. William Coder, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

           Joseph W. Duffy, Great Falls, Montana
           Jardine, Stephenson, Blewett & Weaver; Keith
           Tokerud, Great Falls, Montana

    For Respondents:

           Alexander & Baucus; Edward C. Alexander, Great Falls,
           Montana
           Smith, Baillie & Walsh; James R. Walsh, Great Falls,
           Montana

                    Submitted on Briefs:  September 8, 1983

                              Decided: December 1, 1983

Filed:  DEC 1 - 1983

*Ethel M. Harrison*

———————————————————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

John Shackleton appeals the Cascade County District Court dismissal for failure to prosecute in his personal injury action against Robin R. Neil, S. S. White Retail Division of Pennwalt Corporation (White) and Teledyne, Inc. (Teledyne), all respondents in this appeal. We affirm.

On June 29, 1972, John Shackleton swallowed a metal dental instrument while his dentist, Robin Neil, was working on him. Neil initially indicated it would pass by normal bodily function. However, it had to be surgically removed. At this time, Shackleton was fifteen years old.

Dwayne Shackleton, appellant's father, was in the United States Air Force; consequently, the Shackleton family was often transferred around the country. In 1974 they were apparently transferred to Florida. Also, Dwayne Shackleton was stationed overseas at certain times during the pendency of this action.

In 1975 Shackleton reached majority, and on June 27 of that year he filed a complaint against Neil, S. S. White Retail Division, retailer of the instrument, and Teledyne, Inc., manufacturer of the instrument, for damages incurred from swallowing the instrument. The filing date was just a few days prior to the expiration of the statute of limitations.

During the pendency of this action, there were many delays, postponements and continuances. This was especially noticeable in the discovery process.

In June 1982 all respondents joined in a motion to dismiss for failure to prosecute, pursuant to Rule 41(b), M.R.Civ.P., and Rule 56 of the Rules of the Eighth Judicial

2

District. After several continuances, the matter was heard on October 14, 1982. The District Court entered findings of fact and conclusions of law on January 14, 1983.

The District Court found that: (1) the only discovery conducted by Shackleton was interrogatories propounded to Neil and Teledyne in September 1979, and, after these were answered, he took no further affirmative action to bring the case to trial; (2) answers to interrogatories from Neil and White had to be compelled and in each instance Shackleton did not meet later deadlines established by order or stipulation; (3) failure to answer Neil's interrogatories caused the District Court to vacate the pretrial conference set for May 16; (4) respondents had difficulty in deposing Shackleton; (5) Shackleton did not inform the respondents of the identity of his expert witness; (6) appellant has never answered Neil's second set of interrogatories filed October 3, 1979; (7) at the time of filing the motion to dismiss for failure to prosecute, Shackleton was not conducting any discovery or taking other action to bring this case to trial; (8) recognizing that appellant's counsel was incapacitated due to illness and a car accident during portions of 1979 and 1981, the facts indicate that Shackleton has not prosecuted his complaint with due diligence.

Based upon these findings and the conclusion that sufficient excuse had not been shown for delay, the District Court dismissed the action with prejudice for failure to prosecute in accordance with Rule 41(b), M.R.Civ.P., and Rule 56 of the Rules of the Eighth Judicial District.

From the District Court record we also find that other parties requested extensions. Both White and Teledyne moved

3

the court to vacate the original trial date for various reasons.

From the District Court action Shackleton brings this appeal and raises one issue for our consideration: Did the lower court abuse its discretion in granting respondents' motion to dismiss for failure to prosecute?

First of all, Shackleton argues that he advanced sufficient excuse for the various delays and postponements to prevent dismissal. In fact, the District Court did not consider the explanation of Shackleton's absence and the absence of his father due to military service. His father would be a key witness in this case, as he had complete knowledge of the incident and steps taken to solve the problem. Further, the court did not consider Shackleton's counsel's excusable absence due to illness and recovery from a car accident. The District Court's lack of consideration of the above matters, Shackleton contends, is an abuse of discretion and reversible error.

Second, appellant asserts that respondents did not show requisite prejudice or injury from the delay in the case.

Third, Shackleton claims that the District Court abused its discretion in failing to consider various delays by respondents.

Finally, it is argued that the District Court imposed an extremely severe sanction without consideration of lesser sanctions that would be expedient. Thus, Shackleton was deprived of his day in court.

Initially, we recognize that the appellant has failed to provide a transcript for review pursuant to Rule 9(b), M.R.App.Civ.P., which could be grounds for dismissal of this appeal. Yetter v. Kennedy (1977), 175 Mont. 1, 571 P.2d

4

1152. However, while a transcript on respondents' motion to dismiss for failure to prosecute would be helpful in our review of the District Court's action, it is not absolutely necessary. Rule 4(a), M.R.App.Civ.P., expressly provides:

> "(a) Filing the notice of appeal. An appeal shall be taken by filing a notice of appeal in the district court. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the supreme court deems appropriate, which may include dismissal of the appeal." (Emphasis added.)

See also, Yetter v. Kennedy, supra.

Here no witnesses testified at the hearing; rather the court only heard arguments from counsel. This is reflected in both trial and appellate briefs. Accordingly, we will decide this appeal on the record before us.

Failure to prosecute is not a complicated concept. It simply means that a plaintiff has failed to exercise due diligence in bringing his case to a conclusion. Rule 41(b), M.R.Civ.P., establishes that a defendant can move for involuntary dismissal for this reason. The rule provides in part:

> "Involuntary dismissal--effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . ." (Emphasis added.)

It is generally held, in the absence of a statute prescribing time limitations for bringing an action to trial, that the matter of dismissal for want of prosecution is a matter addressed to the sound discretion of the trial court. Calaway v. Jones (1978), 177 Mont. 516, 582 P.2d 756. This Court stated in Cremer v. Braaten (1968), 151 Mont. 18, 438 P.2d 553:

5

> "It is within the discretion of the trial
> court to dismiss an action if it has not
> been prosecuted with reasonable dili-
> gence. It is presumed that the trial
> court acted correctly and its decision
> will not be overturned without a showing
> of an abuse of discretion. M.R.Civ.P.,
> Rule 41(b); State Savings Bank v.
> Albertson, 39 Mont. 414, 415, 102 P. 692;
> Silver v. Eakins, 55 Mont. 210, 175 P.
> 876." 151 Mont. at 19-20, 438 P.2d at
> 554.

The standard for determining whether there has been an abuse of discretion in ruling on motions to dismiss for failure to prosecute is adequately stated in Anderson v. Air West, Inc. (9th Cir. 1976), 542 F.2d 522, cited by Nealey v. Transportacion Maritima Mexicana, S.A. (9th Cir. 1980), 662 F.2d 1275. The court ruled that:

> "A district court's dismissal pursuant to
> Rule 41(b) will not be overturned unless
> the district judge clearly abused his
> discretion . . . A rule of thumb as to
> the meaning of the abuse of discretion
> standard provides that the trial court's
> exercise of discretion should not be
> disturbed unless there is 'a definite and
> firm conviction that the court below
> committed a clear error of judgment in
> the conclusion it reached upon a weighing
> of the relevant factors.'" 662 F.2d at
> 1278.

The relevant factors referred to in the above quotation are set forth in States Steamship Company v. Philipine Air Lines (9th Cir. 1970), 426 F.2d 803, 805. They are as follows:

> ". . . (1) the appellant's right to a
> hearing on its claim, (2) the impairment
> of the appellees' defenses presumed from
> the unreasonable delay, (3) the wholesome
> policy of the law in favor of the prompt
> disposition of law suits, and (4) the
> duty of the appellant to proceed with due
> diligence."

The first factor is inherent in every legal proceeding and needs no citation. The other factors have been recognized by

this Court where we have determined the propriety of dismissals for failure to prosecute.

It is well settled in Montana that an action may be dismissed for failure to prosecute it with due diligence, absent a sufficient showing of excuse. Calaway, supra; Cremer, supra; State ex rel. Johnstone v. District Court (1957), 132 Mont. 377, 319 P.2d 957. Furthermore, there is no burden on the defendant to show injury by the delay. When the plaintiff has slept on a case for a long period of time, the law presumes injury and places the burden on the plaintiff to show good cause for the delay. Cremer, 151 Mont. at 20, 438 P.2d at 554; Johnstone, supra. We have specifically recognized that an unreasonable delay raises a presumption of impairment of defendant's defenses. Peters v. Newkirk (Mont. 1981), 633 P.2d 1210, 1212, 38 St.Rep. 1526, 1528.

An unreasonable delay therefore operates to place upon the party seeking relief the burden of demonstrating a reasonable excuse for his inaction. Calaway, 177 Mont. at 520, 582 P.2d at 758. We believe a delay of over seven years is unreasonable; thus, the question we must decide is whether the District Court abused its discretion in concluding that Shackleton did not meet this burden.

We hold the District Court did not abuse its discretion in granting the motion to dismiss for failure to prosecute. There was no clear error in deciding that Shackleton did not show reasonable excuse for his inaction.

First, the District Court did consider excuses for Shackleton's absence--his father's service in the military and counsel's illnesses. The District Court specifically mentioned these situations in its findings of fact. With respect to his father's military service, it found that his

7

absence due to this service should have no effect on the plaintiff's pursuit of his action. The court also found that counsel's illnesses during 1979 and 1981 should not have prevented plaintiff from prosecuting his complaint with due diligence.

It is evident that the District Court did consider the reasons advanced for Shackleton's delay; however, it found unreasonable inaction after weighing other factors that indicated his failure to prosecute. The record indicates that the court made no clear error in this determination.

The action dragged on eleven years after the unfortunate incident, over seven years after the filing of the complaint. Shackleton's lack of affirmative action prosecuting this case is a matter of record. Only two interrogatories were filed by him during the pendency of the proceedings. Shackleton's inaction is also evident as he was compelled to answer interrogatories which caused a pretrial conference to be vacated. While his counsel was incapacitated, Shackleton made no other arrangements nor showed any desire to obtain new counsel. Up until the time when the motion to dismiss was heard, Shackleton still had not informed respondents of the identity of his expert witnesses and Neil's second set of interrogatories had not been answered. The record indicates difficulty in deposing Shackleton. The parties indicate a deposition was eventually taken, but it is not of record.

In sum, we find that very little was done by Shackleton in over seven years to bring his case to a conclusion, and it is an undue burden on the court and the respondents to allow the inaction to continue.

Shackleton also claims that the respondents did not show injury or prejudice to their case from his inaction. As previously discussed, this burden is not placed upon the defendants. It is the plaintiff who must show reasonable excuse for delay. In this case, this burden was not met.

Appellant contends that the District Court did not consider delays initiated by the respondents; namely, White's and Teledyne's motions to vacate the original trial date. We find that continuing a trial on one occasion is not unusual and does not indicate unreasonable delay. This is especially true in light of the many delays and postponements occasioned by Shackleton.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices