No. 88-355

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF
BETTY HORTON,

Plaintiff and Appellant,

and

MELVIN K. HORTON,

Defendant and Respondent.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Carter,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

R. W. Heineman, Wibaux, Montana

For Respondent:

Kenneth R. Wilson, Miles City, Montana

Submitted on Briefs: Feb. 16, 1989

Decided: April 18, 1989

Filed:

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Betty Horton appealed from the judgment of the Sixteenth Judicial District Court, Carter County, Alfred B. Coate presiding, granting respondent's motion for dismissal for lack of prosecution pursuant to Rule 41(b), M.R.Civ.P. We reverse.

The issue on appeal is whether the trial court abused its discretion in granting respondent's motion to dismiss for lack of prosecution.

Betty and Melvin Horton were married in Hardin, Montana, on August 30, 1940. In 1964, the parties separated. On June 29, 1971, Betty Horton filed for dissolution of the marriage. The complaint was not answered until January 7, 1975. Trial was set for March 12, 1975, but was continued at respondent's convenience until the parties could agree on a new trial date. The parties finally filed notice of readiness for trial in 1983. Trial was held on June 9, 1983. Prior to trial, the parties were ordered to file Rule 50 affidavits of the Sixteenth Judicial District local court rules, which requires that both parties record their finances, health, income, and employment (now Rule 37 affidavit). The affidavits were to be filed by June 1, 1983.

Prior to the time of signing the dissolution decree, the parties stipulated that the issue of property settlement would not be discussed at trial but would be reserved.

> That the property issue between the parties is not yet at issue and that therefor [sic] this stipulation on the part of plaintiff wife is based upon the condition that the Court reserve ruling upon the property issues and/or alimony and/or child support issues until discovery has been completed and these matters may be properly presented to the Court for subsequent ruling when discovery has been completed by both parties.

On June 10, 1983, in accordance with the stipulation, the District Court granted dissolution of the marriage but reserved determination of the other issues.

Discovery on the remaining issues began in 1983 when petitioner filed interrogatories and requests for production on June 30. Respondent answered the interrogatories on July 27, 1983. Little further discovery was conducted until 1987 when petitioner filed a second set of interrogatories on September 21. Petitioner also filed her Rule 37 affidavit on November 16, 1987. Respondent answered the second set of interrogatories, only by refusing to answer each on the grounds of irrelevancy and immateriality. On the same day, October 19, 1987, respondent filed a motion for dismissal of the action, according to Rule 41(b), M.R.Civ.P., for lack of prosecution.

The motion to dismiss was heard by the District Court on November 10, 1987. After the hearing, the District Court ordered that the parties attempt to work out a settlement agreement. When this proved fruitless, the District Court reviewed briefs by both parties on the Rule 41(b) motion and on June 1, 1988, granted respondent's motion.

The only issue on appeal here is whether the trial court abused its discretion in granting respondent's motion.

Rule 41(b), M.R.Civ.P., states that in cases where a plaintiff fails to prosecute or comply with the rules of civil procedure a defendant may move for dismissal of the action. Respondent alleges that petitioner has failed to prosecute and, as proof, has provided letters from his attorney to petitioner's attorney asking why no action had taken place. This obviously implies that respondent has been willing to present his defense but petitioner has not presented her case. However, the letters date between 1971 and 1975. Respondent did not move for dismissal until 1987.

Respondent also argues that the defense of laches is applicable. In Hereford v. Hereford (1979), 183 Mont. 104, 108, 598 P.2d 600, 602, we stated that "[l]aches means negligence to the assertion of a right, and exists where there has been a delay of such duration as to render enforcement of an asserted right inequitable."

The progression of this case has been tediously slow since petitioner filed for dissolution in 1971. In light of the circumstances surrounding this case, there was no delay so significant as to cause injury to the respondent. Respondent was aware that appellant was continuing prosecution when she filed a second set of interrogatories on September 21, 1987. Respondent refused to answer the interrogatories but filed for a Rule 41(b) motion.

We think that the rule which is best applicable in this case is the one adopted in Brymerski v. City of Great Falls (1981), 195 Mont. 428, 432, 636 P.2d 846, 848-849:

> . . . that a motion to dismiss for failure to prosecute will not be granted if the plaintiff is diligently prosecuting his claim at the time the motion is filed, even if at some earlier time the plaintiff may have failed to act with due diligence.

At the time respondent moved for dismissal, appellant was actively prosecuting. We therefore hold that the District Court abused its discretion in granting respondent's motion.

If we assume, arguendo, that the delay in prosecution was unreasonable, we look to Calway v. Jones (1978), 177 Mont. 516, 519, 582 P.2d 756, 758, which states that, "[a]n unreasonable delay therefore operates to place upon the party seeking relief the burden of demonstrating a reasonable excuse for his inaction." We think that the appellant has shown a reasonable excuse for any inaction she may have taken. Specifically, this Court refers to the fact that the respondent has never filed the Rule 37 affidavit that was required subsequent to the 1983 trial. The information required on the affidavit--health, wealth, and income--is necessary to continue prosecution. In fact, the second set of interrogatories (which respondent refused to answer), asked respondent to list information concerning real estate holdings and whether child support had ever been paid for the daughter of the marriage. Many of the questions could have been answered in the Rule 37 affidavit. In the case of a Rule 41(b) motion:

While no precise rule or formula sets forth what period of inactivity is necessary to find a failure to prosecute, it is well established that the court's decision will not be disturbed on appeal absent a clear abuse of discretion.

Thomas v. Wilson (Mont. 1989), ___ P.2d ____, 46 St.Rep. 160, 162; Cook v. Fergus Electric Cooperative, Inc. (Mont. 1988), ___ P.2d ___, 45 St.Rep. 2285. Cook addressed the proper pursuit of prosecution concerning discovery:

> [We] note that no discovery had been conducted . . . If the discovery had been completed, plaintiffs had a duty to pursue the prosecution and bring the case to trial. If discovery was not complete, it was their duty to see steps were taken to ensure it was conducted. Rule 41(b), M.R.Civ.P. The plaintiffs pursued neither course of action, showing the court no indication of their desire to bring the case to trial.

Cook, 45 St.Rep. at 2288.

Appellant here, on the other hand, has shown the court an indication of her desire to continue discovery and bring the case to trial.

Reversed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

5

Mr. Justice William E. Hunt, Sr., dissenting:

I dissent. The judgment of dismissal for failure to prosecute by the District Court should be affirmed.

Rule 41(b), M.R.Civ.P. provides that where a plaintiff failed to exercise due diligence in bringing her case to court, dismissal for failure to prosecute is addressed to the sound discretion of the trial court and will not be overturned absent a showing of abuse of discretion. Shackleton v. Neil (1983), 207 Mont. 96, 672 P.2d 1112; Calaway v. Jones (1978), 177 Mont. 516, 582 P.2d 756. The rationale behind trial court discretion under Rule 41(b), M.R.Civ.P., is that since no statute of limitations pertains to the matter, trial court discretion is the only vehicle available for dismissal. Here, the trial court considered the many years of delay concerning the property settlement in this dissolution action and dismissed the action accordingly.

Although there is no burden on the respondent to show injury by the delay, Shackleton, 672 P.2d at 1115, respondent argued that he was prejudiced by petitioner's delay due to the inability to effectively prepare a defense. He claimed this was because of petitioner's failure to respond to discovery requests. Actually, the law presumes injury to the respondent and places the burden on the petitioner to show good cause for delay. Calaway, 582 P.2d at 758, citing Cremer v. Braaten (1968), 151 Mont. 18, 20, 438 P.2d 553, 554. The majority argued that respondent never prepared a Rule 37 affidavit, as ordered by the District Court to be filed on June 1, 1983, thus, excusing petitioner's inaction for four years. This does not constitute good cause for the delay considering that petitioner herself did not file a Rule 37 affidavit until November 16, 1987.

Further, petitioner did nothing on the case from June 30, 1983, when she served her first set of interrogatories and requests for production on respondent, until September 21, 1987, when she served her second set of interrogatories on respondent. <u>Four</u> years lapsed before any action on petitioner's part occurred. Similarly, in <u>Calaway</u> a delay of <u>three</u> years was held unreasonable. The majority relies on Brymerski v. City of Great Falls (1981), 195 Mont. 428, 636 P.2d 846, when stating that petitioner was diligently prosecuting her claim at the time respondent filed the motion thereby negating the District Court's ruling. However, petitioners only action at this point was the service of her second interrogatories on respondent which prompted respondent's motion to dismiss. Certainly, petitioner did not act with due diligence on the matter.

Although lapse of time itself is insufficient to justify dismissal, <u>Calaway</u>, 582 P.2d at 758, the petitioner must further demonstrate a reasonable excuse for inaction, <u>Shackleton</u>, 672 P.2d at 115, citing <u>Calaway</u>, 582 P.2d at 758, which she failed to establish. The District Court did not abuse its discretion in granting respondent's motion to dismiss for failure to prosecute since petitioner did not show good cause for delay.

I would affirm the judgment of dismissal for failure to prosecute by the District Court.

_____
Justice

We concur in the foregoing dissent of Mr. Justice William E. Hunt, Sr.

_____
Justice

- 7 -