MR. JUSTICE HUNT,
dissenting:
I dissent. The judgment of dismissal for failure to prosecute by the District Court should be affirmed.
Rule 41(b), M.R.Civ.P. provides that where a plaintiff failed to exercise due diligence in bringing her case to court, dismissal for failure to prosecute is addressed to the sound discretion of the trial court and will not he overturned absent a showing of abuse of discretion. Shackleton v. Neil (1983), 207 Mont. 96, 672 P.2d 1112; *103 Calaway v. Jones (1978), 177 Mont. 516, 582 P.2d 756. The rationale behind trial court discretion under Rule 41(b), M.R.Civ.P., is that since no statute of limitations pertains to the matter, trial court discretion is the only vehicle available for dismissal. Here, the trial court considered the many years of delay concerning the property settlement in this dissolution action and dismissed the action accordingly.
Although there is no burden on the respondent to show injury by the delay, Shackleton, 672 P.2d at 1115, respondent argued that he was prejudiced by petitioner’s delay due to the inability to effectively prepare a defense. He claimed this was because of petitioner’s failure to respond to discovery requests. Actually, the law presumes injury to the respondent and places the burden on the petitioner to show good cause for delay. Calaway, 582 P.2d at 758, citing Cremer v. Braaten (1968), 151 Mont. 18, 20, 438 P.9d 553, 554. The majority argued that respondent never prepared a Rule 37 affidavit, as ordered by the District Court to be filed on June 1, 1983, thus, excusing petitioner’s inaction for four years. This does not constitute good cause for the delay considering that petitioner herself did not file a Rule 37 affidavit until November 16, 1987.
Further, petitioner did nothing on the case from June 30, 1983, when she served her first set of interrogatories and requests for production on respondent, until September 21, 1987, when she served her second set of interrogatories on respondent. Four years lapsed before any action on petitioner’s part occurred. Similarly, in Calaway a delay of three years was held unreasonable. The majority relies on Brymerski v. City of Great Falls (1981), 195 Mont. 428, 636 P.2d 846, when stating that petitioner was diligently prosecuting her claim at the time respondent filed the motion thereby negating the District Court’s ruling. However, petitioners only action at this point was the service of her second interrogatories on respondent which prompted respondent’s motion to dismiss. Certainly, petitioner did not act with due diligence on the matter.
Although lapse of time itself is insufficient to justify dismissal, Calaway, 582 P.2d at 758, the petitioner must further demonstrate a reasonable excuse for inaction, Shackleton, 672 P.2d at 1115, citing Calaway, 582 P.2d at 758, which she failed to establish. The District Court did not abuse its discretion in granting respondent’s motion to dismiss for failure to prosecute since petitioner did not show good cause for delay.
*104 I would affirm the judgment of dismissal for failure to prosecute by the District Court.
MR. JUSTICES SHEEHY and WEBER concur in the foregoing dissent of MR. JUSTICE HUNT.