No. 81-108

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

JOHN BRYMERSKI AND ALICE BRYMERSKI,

Plaintiffs and Appellants,

-vs-

CITY OF GREAT FALLS, a municipal corp.
of the State of Montana, THOMAS C.
MATHER, SHIRLEY R. PAPPIN, Personal Repre-
sentative of the Estate of Robert F.
Pappin,

Defendants and Respondents.

Appeal from:  District Court of the Eighth Judicial District,
In and for the County of Cascade, The Honorable
Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Dzivi, Conklin & Nybo, Great Falls, Montana

For Respondent:

Smith, Baillie & Walsh, Great Falls, Montana
Swanberg, Koby, Swanberg & Matteucci, Great
Falls, Montana
Alexander & Baucus, Great Falls, Montana
David Gliko, Great Falls, Montana

Submitted on Briefs:  September 3, 1981

Decided:  NOV 2 5 1981

Filed:  NOV 2 5 1981

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by plaintiffs from an order of the Eighth Judicial District Court granting defendants' motion to dismiss the plaintiffs' action for failure to prosecute. We reverse.

Between the summer of 1975 and the summer of 1976, defendants Robert and Shirley Pappin and Thomas Mather (hereinafter referred to as Pappin/Mather) were responsible for the construction of streets, the installation of curbs and gutters, and the excavation of soil near the location of the plaintiffs' residence in the West Hill Addition to the City of Great Falls, Montana.

During June and July of 1976, heavy rainfalls washed mud and fill dirt from a "fill" area created by Pappin/Mather into the plaintiffs' yard and basement causing damage to the plaintiffs' property. The plaintiffs filed a complaint against the defendants on July 14, 1976, seeking damages for negligence and for breach of a written agreement between Pappin/Mather and the City of Great Falls.

On August 3, 1976, defendants Pappin/Mather filed a motion to dismiss, and a hearing was scheduled for September 15, 1976, to hear oral arguments on the motion. There is nothing in the record to indicate that the District Court ruled on this motion.

On October 8, 1976, Pappin/Mather filed an answer, and on October 12 they filed written interrogatories.

On November 15, the City of Great Falls filed consolidated motions to dismiss, to make more definite and certain and to strike. Oral arguments on these motions were set for December 15, but it does not appear that these motions were ruled on by the District Court. Nothing further was filed in regard to this action until May 16, 1980.

In January, 1979, John McCarvel, the plaintiffs' attorney, became a judge and shortly thereafter he advised the plaintiffs

to find a new attorney.

In February of that year, the plaintiffs contacted William Conklin and asked him to represent them. Mr. Conklin informed the plaintiffs on March 6 that he would take their case, and he did some preliminary research during March and April. He was unable to find time to further proceed with the case, however, until May, 1980; and during the interim period one of the defendants, Robert Pappin, died.

On May 16, 1980, plaintiffs filed a document to substitute counsel and a motion to substitute Shirley R. Pappin, personal representative of the estate of Robert F. Pappin, for Robert Pappin as a party defendant. The District Court granted the motion on May 29, 1980.

Then in June plaintiffs filed answers to the Pappin/Mather interrogatories of 1976 and served written interrogatories on defendants Pappin/Mather and defendant City of Great Falls.

In September, Pappin/Mather filed their answers to plaintiffs' interrogatories and also filed a motion to dismiss for failure to prosecute. After the motion to dismiss was filed, the plaintiffs deposed several individuals with knowledge of facts pertinent to the case.

On November 10, a hearing was held on the Pappin/Mather motion to dismiss for failure to prosecute. At the hearing the City of Great Falls orally joined in the motion. On January 9, 1981, the District Court issued an order granting the motion to dismiss, and the plaintiffs appeal.

The plaintiffs raise the following issues on appeal:

1. Whether the District Court erred in not considering the statutory time period set forth in Rule 41(e), M.R.Civ.P., when making its decision regarding the motion to dismiss for failure to prosecute.

2. Whether the District Court abused its discretion in granting the motion to dismiss for failure to prosecute as the

- 3 -

failure to actively prosecute the case was due to inaction on the part of plaintiffs' attorneys.

3. Whether the District Court erred in granting the motion to dismiss for failure to prosecute as the case was being actively prosecuted for approximately three and one-half months prior to the time the motion to dismiss was filed.

4. Whether the plaintiffs were entitled to rely on the local District Court custom of giving notice before dismissing inactive cases.

5. Whether the District Court erred in granting the motion to dismiss for lack of prosecution as the notice received by the plaintiffs to appoint new counsel was not given in the specific manner prescribed by the local court rule.

6. Whether the District Court erred in refusing to admit certain of plaintiffs' exhibits into evidence at the hearing on the motion to dismiss for failure to prosecute.

We find that only the third issue needs to be addressed in reaching a decision in this case.

The rule of civil procedure which governs the dismissal of an action for failure to prosecute is Rule 41(b), M.R.Civ.P. It provides in part as follows:

> "For failure of the plaintiff to prosecute . . .
> a defendant may move for dismissal of an action
> . . ."

In Montana the law is well established that an action may be dismissed for failure of the plaintiff to prosecute if the action is not prosecuted with due diligence, absent a sufficient showing of excuse. Calaway v. Jones (1978), 177 Mont. 516, 582 P.2d 756, and cases cited therein.

It is also well established in Montana law that it is within the sound discretion of the trial court to dismiss an action for failure of the plaintiff to prosecute. Calaway, supra, and cases therein cited. We agree with the Colorado Court of Appeals, however, in that "[the trial court's] discretion is

not without bounds . . . and it must be borne in mind that courts 'exist primarily to afford a forum to settle litigable matters between disputing parties.'" Farber v. Green Shoe Mfg. Co. (1979), 42 Colo.App. 255, 596 P.2d 398, citing Mizar v. Jones (1965), 157 Colo. 535, 403 P.2d 767.

In this case the plaintiffs had been actively prosecuting their case for over three and one-half months prior to the time the defendants Pappin/Mather filed their motion to dismiss for failure to prosecute.

We adopt the rule that a motion to dismiss for failure to prosecute will not be granted if the plaintiff is diligently prosecuting his claim at the time the motion is filed, even if at some earlier time the plaintiff may have failed to act with due diligence.

Support for this position is found in several jurisdictions. See First National Bank of Fairbanks v. Taylor (Alaska 1971), 488 P.2d 1026; Farber, supra; Ayers v. D. F. Quillen & Sons, Inc. (1963), 55 Del. 481, 188 A.2d 510; Spiegelman v. Gold Dust Texaco (1975), 91 Nev. 542, 539 P.2d 1216; Rorie v. Avenue Shipping Co. (Tex.Civ.App.1967), 414 S.W. 2nd 948.

If a plaintiff has actively resumed the prosecution of a case, the policy favoring the resolution of a case on its merits is more compelling than the policy underlying Rule 41(b) which is to prevent unreasonable delays.

We hold that the motion to dismiss for failure to prosecute was untimely in this case even though the defendants claim to have been actually prejudiced by the delay in prosecution due to the death of defendant Robert Pappin during the period of time plaintiffs were not actively prosecuting the case.

We note first of all that nearly everyone involved in the development of the Pappin/Mather project is still available to testify, including the city engineer, Pappin/Mather's project engineer, the contractor's job superintendent, as well as Mr.

- 5 -

Mather and Mrs. Pappin. Also, various records and files concerning the project are available as evidence. Moreover, Mr. Pappin died several months before the plaintiffs resumed active prosecution of this case, and no objection came from the defendants until some three and one-half months after active prosecution had commenced.

For the foregoing reasons, we reverse the decision of the District Court and remand the case for trial.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices