No. 84-448

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

CHICAGO TITLE INSURANCE COMPANY,
a corporation,

Plaintiff and Respondent,

and

HELENA ABSTRACT & TITLE COMPANY,
a Montana corporation, and PRUDENTIAL
FEDERAL SAVINGS AND LOAN ASSOCIATION,
a United States corporation,

Third-Party Defendants and
Respondents,

-vs-

HAROLD N. WHEAT and MARIE WHEAT,
husband & wife,

Defendants and Appellants.

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Madden, Knuchel & McGregor; Karl Knuchel, Livingston,
        Montana

    For Respondents:

        Hughes, Kellner, Sullivan, Alke; John Alke, Helena,
        Montana   (Chicago Title)
        Luxan & Murfitt; Gary L. Davis, Helena, Montana (HA&T)
        McCaffery & Peterson; John L. Peterson, Butte,
        Montana   (P.F.S)
        Charles Graveley; Skedd, Ashley, McCabe & Weingartner,
        Helena, Montana

Submitted on Briefs:   April 4, 1985

Decided:   May 13, 1985

Filed:   MAY 13 1985

Ethel M. Harrison

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Harold and Marie Wheat appeal a judgment of the Lewis and Clark County District Court which granted respondents' motion to dismiss the lawsuit under Rule 41(b), M.R.Civ.P. The court concluded the Wheats failed to diligently prosecute their claims, and they failed to comply with an order of the court directing them to amend their pleadings. We affirm.

The sole issue presented is whether the District Court erred in granting the motion to dismiss for failure to prosecute the action.

In 1971, Harold and Marie Wheat retained a general contractor to renovate and enlarge a building they owned in Helena, Montana. They arranged financing through Prudential Federal Savings and Loan Association (Prudential). Helena Abstract & Title Company (HAT) issued a title commitment as security for the loan. Prior to disbursement of the funds, the Wheats executed an affidavit and agreement, in which they requested Chicago Title Insurance Co. (CTI) to issue title insurance with extended coverage, i.e., no exception for mechanic's liens or materialmen's liens. The Wheats agreed to indemnify and hold CTI harmless from any such liens, including costs and attorney fees.

Subsequently, the general contractor became insolvent, and unpaid subcontractors, materialmen and laborers filed liens against the property. A foreclosure action was filed in 1974, which was defended by CTI. CTI concurrently filed a complaint for declaratory relief against the Wheats, and the two actions were consolidated for trial.

Since 1974, the Wheats employed and were represented by as many as eight different attorneys. One left the case because he became a district judge. Two withdrew from the case, one because of non-payment of attorney fees, and one because he could no longer get the Wheats to respond to his communications. Four were terminated by the Wheats due to what the Wheats described as "inaction."

Between 1974 and 1977, many motions, claims, counterclaims and third-party claims were filed. The first case was eventually resolved, with the court holding that the interest of Prudential was superior to that of the mechanic's lien claimants. In the second action, CTI was allowed to amend its complaint and the Wheats then filed an amended answer which was very long and difficult to understand.

It was at that point that progress in the case broke down. On December 28, 1977, the District Court ordered the Wheats to file a more definite statement of their claim. For 6½ years, the Wheats allowed the claim to lie dormant. The only CTI attorney familiar with the files, stopped practicing law. Many of the files holding potentially crucial information concerning the case became lost and unaccounted for, and many of the witnesses became no longer available.

Then in March 1982, Wheats' attorney received a letter from HAT's counsel which advised that a motion to dismiss for failure to prosecute would probably be filed. The Wheats filed a second amended counterclaim and answer to the amended complaint in April 1984, and an amended counterclaim along with their third-party complaint. Respondents then filed a motion to dismiss for failure to prosecute under Rule 41(b), M.R.Civ.P. The District Court granted the motion and dismissed the case in its entirety on August 10, 1984.

The Wheats contend this appeal is controlled by our opinion in Brymerski v. City of Great Falls (1981), 195 Mont. 428, 636 P.2d 846. In that case we noted that while it is within the sound discretion of the trial court to dismiss an action for failure to prosecute, such motion should not be granted if the plaintiff is diligently prosecuting his claim at the time the motion is filed, even if at some earlier time the plaintiff may have failed to act with due diligence.

In Brymerski, more than four years had passed between the filing of the complaint and the motion to dismiss for failure to prosecute, but plaintiff was diligently pursuing the claim for three months prior to the filing of the motion to dismiss. Nearly all the witnesses were available to testify, the files and records were available as evidence, and plaintiff had actively resumed prosecution of the matter.

In the present case, 10 years elapsed between the filing of the complaint and the motion to dismiss. Six and one-half of those years passed between the time the court ordered the Wheats to file a more definite statement and the filing of the dismissal motion. Witnesses have moved or forgotten the facts, records and files have been lost, one of respondents' former attorneys has given up the practice of law, and HAT has changed ownership. The Wheats have employed eight different attorneys, six of whom either resigned from the case because of the Wheats' lack of cooperation or because the Wheats fired them. Further, the Wheats have disobeyed a court order to file a more definite statement. And two years before the motion to dismiss, the Wheats received a letter from opposing counsel advising them that a motion to dismiss would probably be filed.

The factors in this case do not sufficiently favor the Wheats to bring them within the ambit of <u>Brymerski</u>. They were not diligent in the prosecution of their lawsuit. They had actual knowledge a motion to dismiss was being considered two years before it was finally filed. The trial court determined their delays were unreasonable and without justification, all to respondents' prejudice.

Rule 41(b), M.R.Civ.P., provides in relevant part:

> "Involuntary dismissal--effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

Where an unreasonable delay has occurred, the burden rests upon the plaintiff to come forward and demonstrate an excuse for his inaction. Prejudice due to unreasonable delay is presumed. Peters v. Newkirk (Mont. 1981), 633 P.2d 1210, 1212, 38 St.Rep. 1526, 1528. No such excuse was ever offered.

We hold the District Court acted well within its discretion in dismissing the action.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -