No. 86-50

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

DIVERSIFIED REALTY, INC.,
a Montana corporation,

Plaintiff and Appellant,

-vs-

MARTHA E. HOLENSTEIN, Individually
and as Personal Representative of
the Estate of Paul Holenstein; ALOIS
G. HOLENSTEIN, RUDY E. ENDRESSE,
LEO GILBERT, METALS BUILDING, INC.,
and DOWN TOWN STAMP, INC.,

Defendants and Respondents.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Christopher G. Miller, Butte, Montana

For Respondent:

Burgess, Joyce & Whelan; Thomas F. Joyce, Butte,
Montana
Earl Genzberger, Butte, Montana

Submitted on Briefs: April 17, 1986

Decided: July 15, 1986

Filed: JUL 1 5 1986

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the plaintiff of an order of the Silver Bow County District Court, the Honorable Arnold Olsen presiding, granting the defendants' motion to dismiss the plaintiff's action for failure to prosecute. We affirm.

The facts of this case are undisputed by the parties.

Diversified Realty, Inc. (hereinafter "Diversified") brought this action on March 9, 1977, against the defendants, most of whom were formerly directors of Diversified Realty. The complaint sought damages against the defendants for losses incurred by Diversified as a result of acts of alleged mismanagement and a breach of fiduciary duties by the defendants. The complaint also alleged that the corporate defendants, Metal Buildings, Inc. and Downtown Stamp, Inc., had benefitted from the improper actions of the individual defendants. On July 16, 1979, the defendants filed their answers and counterclaims.

On July 17, 1979, John Peterson, Diversified's original counsel in this matter, withdrew from the case. Thereafter, Robert Emmons was substituted as counsel for Diversified.

On January 12, 1982, a notice of the District Court's intention to dismiss Diversified's case without prejudice was mailed to counselor Emmons. This notice advised counselor Emmons that the trial court would dismiss Diversified's case without prejudice for lack of any activity within a one year period unless good cause could be shown. Pursuant to this notice and local court rules, Diversified's case was ordered dismissed without prejudice on March 9, 1982. On April 2, 1982, counselor Emmons filed a motion to reinstate Diversified's action. As grounds for reinstatement,

2

counselor Emmons advised the trial court that he had not received the notice of intention to dismiss. A hearing on this motion was held and on November 9, 1982, the trial court vacated its previous order and reinstated Diversified's case.

It is also important to note that in the trial court's order reinstating Diversified's action, it specifically ordered counsel to proceed with "all diligence to bring the matter on for trial."

On January 21, 1983, Mr. Emmons withdrew as counsel and Scott Radford was substituted as new counsel for Diversified. No further action was taken on the case until June 19, 1985, when Mr. Radford withdrew as counsel for Diversified. Christopher Miller was thereafter substituted as new counsel for Diversified on June 28, 1985 (Diversified's fourth counsel in this matter), and he immediately scheduled the depositions of some of the defendants on July 31, 1985. The deposition date was later vacated by agreement of counsel and reset for August 27, 1985.

On August 22, 1985, the defendants moved to dismiss Diversified's case for failure to prosecute pursuant to Rule 41(b), M.R.Civ.P. A hearing was held and on November 19, 1985, the trial court found that since more than eight years had elapsed since the institution of the case, and also since Diversified had made no effort to prosecute the matter, the case should be dismissed with prejudice. From this order of the trial court, Diversified appeals.

Diversified now basically presents the following issue for review by this Court: Whether the District Court erred by granting the defendants' motion to dismiss for failure to prosecute.

3

A motion to dismiss an action for failure to prosecute is governed by Rule 41(b) of the M.R.Civ.P, which provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

Diversified strongly relies on the case of Brymerski v. City of Great Falls (1981), 195 Mont. 428, 636 P.2d 846, to support its position that the trial court erred in granting the defendant's motion to dismiss for failure to prosecute. Diversified contends that although <u>Brymerski</u> states it is within the sound discretion of the trial court to dismiss an action for failure to prosecute, and its decision will not be overturned absent a clear showing of an abuse of discretion, <u>Brymerski</u> also states that the trial court's discretion is not without bounds. In the <u>Brymerski</u> decision, Diversified argues, this Court held that where the plaintiffs had resumed prosecution of their action prior to the time a motion to dismiss was filed by the defendants, the motion should be denied.

> We adopt the rule that a motion to dismiss for failure to prosecute will not be granted if the plaintiff is <u>diligently</u> prosecuting his claim at the time the motion is filed, even if at some earlier time the plaintiff may have failed to act with due diligence. (Emphasis added.)

<u>Brymerski</u>, 636 P.2d at 848-849.

As applied to the instant case, Diversified argues it resumed prosecution of its claim on June 28, 1985, when its present counsel, Chris Miller, scheduled the depositions of some of the defendants. Diversified notes that defendants' motion to dismiss was filed on August 22, 1985, nearly two months after counselor Miller had originally scheduled the

4

depositions. Under the rule of the _Brymerski_ case, Diversified argues, the defendants' motion to dismiss should be denied. We disagree.

Under the arguments presented in its briefs, Diversified would have this Court interpret the _Brymerski_ decision to mean that anytime a plaintiff begins discovery (however modest) prior to the time a motion to dismiss for failure to prosecute is filed, all prior dilatory conduct (however great) is excused and the motion to dismiss should be denied. Specifically, the argument of Diversified is that since it scheduled the depositions of the defendants before they filed their motion to dismiss, its prior dilatory conduct is excused and, therefore, the motion to dismiss should be denied. We hold the _Brymerski_ decision does not stand for such a proposition. Rather, _Brymerski_ makes the point that where a plaintiff has "actively" resumed the prosecution of his case, the policy for resolving the case on its merits is more persuasive than the policy of Rule 41(b) which favors the speedy administration of justice. As this Court in _Brymerski_ stated:

> If a plaintiff has _actively_ resumed the prosecution of a case, the policy favoring the resolution of a case on its merits is more compelling than the policy underlying Rule 41(b) which is to prevent unreasonable delays. (Emphasis added.)

_Brymerski_, 636 P.2d at 849.

There is, therefore, no hard and fast rule that a plaintiff may cure any defect arising from delay by beginning discovery and consequently avoiding the impact of Rule 41(b). Instead, the trial court has the discretion to examine the circumstances of each particular case and then determine whether the motion to dismiss for failure to prosecute should

5

be granted. When exercising its discretion, the trial court should observe the general rules quoted in Brymerski above and should also determine whether the key words from these quotes are present: whether the plaintiff was "diligently" or "actively" prosecuting his claim at the time the motion to dismiss was filed.

In the instant case, the trial court determined that Diversified was not "diligently" or "actively" prosecuting its claim at the time the defendants filed their motion to dismiss. The court noted that although Diversified had scheduled some depositions approximately two months before the defendants filed their motion to dismiss, this activity by Diversified did not amount to a diligent effort to prosecute its case because this was Diversified's first movement on the case since it was filed some eight years earlier. The trial court was also undoubtedly influenced by the fact that Diversified ignored the language of one of its earlier orders. As explained in the facts section of this opinion, the trial court issued an order on November 9, 1982, which reinstated Diversified's case after it had been dismissed without prejudice for lack of any activity within a one year period. In reinstating Diversified's case, the trial court specifically ordered counsel to act with "all diligence to bring the matter on for trial." Diversified essentially ignored this earlier order because 2½ years (November 9, 1982 to June 28, 1985) elapsed before Diversified did anything to ready its case for trial. The record indicates the trial court was well justified in concluding that the circumstances of the instant case did not fall within the scope of the Brymerski decision.

6

It should also be noted that Diversified offers no reasonable excuse for its delay in the prosecution of its case. See, Chicago Title Insurance Company v. Wheat (Mont. 1985), 699 P.2d 597, 42 St.Rep. 671. Although Diversified, as it suggests, may have been the victim of inadvertence and mistake on the part of its numerous attorneys, it was still at least partially responsible for the progress of its case over an eight year period. Diversified cannot obtain relief, however unintentional, from its own lack of concern over such an extended period of time.

We find the trial court did not abuse its discretion by granting the defendants' motion to dismiss for failure to prosecute.

The judgment of the District Court if affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
John C. Sheehy

_____
Justices