No. 87-55

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

MICHAEL MARTIN,

Petitioner and Appellant,

-vs-

BOARD OF LABOR APPEALS, EMPLOYMENT
SECURITY DIVISION, MONTANA STATE
DEPARTMENT OF LABOR & INDUSTRY,
and NORTHERN MONTANA HOSPITAL,

Respondents and Respondents.

---

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Steven L. Bunch, Montana Legal Services, Helena,
Montana

For Respondent:

Rebecca L. Smith, Dept. of Labor & Industry, Helena,
Montana
Bruce E. Swenson, Havre, Montana

---

Submitted on Briefs: April 9, 1987

Decided: May 26, 1987

Filed: MAY 26 1987

*Ethel M. Harrison*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Michael Martin appeals an order of the Twelfth Judicial District, Hill County, dismissing without prejudice his petition for judicial review of a Board of Labor Appeals decision on the grounds that he failed to prosecute the action. We reverse and remand.

Michael Martin was hired as a patient aid at Northern Montana Hospital in May, 1982. Sixteen months later, in August, 1983, he was discharged for failure to complete his work assignments. He applied for unemployment compensation, but his application was denied by the Board of Labor Appeals (Board) in September. The Board affirmed its denial in December, 1983.

Martin filed a petition on January 17, 1984, for judicial review in the Twelfth Judicial District Court in Havre. Northern Montana Hospital answered and the Board filed a motion to dismiss, which was denied. The Board then responded to Martin's petition for judicial review, at the same time filing a notice stating:

> That pursuant to § 39-51-2410, MCA, that the Department [of Labor] shall be deemed to be a party in any judicial action involving an appeal of a Board of Labor Appeals administrative decision. That neither the Department nor the Board have any direct interest in this action and, therefore, will not actively participate therein.

This notice was dated March 6, 1984.

Over two years later, on June 18, 1986, the Department and Board filed an amended notice of participation stating that the March 6, 1984 notice was withdrawn and that the following notice was to be substituted in its place:

> 1. The Board and the Department shall continue to be a party in this matter, and compliance with the

requirements for filing and service pursuant to Rule 5, M.R.Civ.P. is requested. Accordingly, all notices, pleadings and orders should be transmitted to the Board and the Department.

2. They do not intend to become actively involved in this matter, but reserve the right to do so if any party raises an issue of importance to the Department or Board.

3. In the event that the petitioner fails to prosecute this matter within a reasonable period of time as set forth in Rule 41(b), M.R.Civ.P.; or fails to respond as set forth in Uniform District Court Rule No. II, the Board and Department may move for dismissal or summary ruling as appropriate.

In the period between March, 1984, when the Department and Board filed their first notice, and June, 1986, when the second notice was filed, the administrative record was transcribed and submitted to the District Court and the case was treated by both parties as appropriate for summary judgment. On December 6, 1984, Martin had submitted a motion for summary judgment and motion for judgment on the record along with a brief in support of the petitions. The Hospital responded with its motion and brief on January 18, 1985. Both Martin's and the Hospital's briefs were served on counsel for the Board. Though the Board was notified the case had been fully briefed and presented to the court for disposition, it did not respond.

When the case had not been decided by the summer of 1985, Martin's attorney contacted the Hospital's attorney and on August 30, 1985, it was stipulated that the case would be submitted on the briefs. The Hospital's attorney informed Martin's attorney that it was not the local practice for attorneys to move for oral argument on summary judgment; rather, if the District Court desired oral argument, it was the court's practice to set oral argument hearing dates.

The case sat submitted, but dormant, until December, 1986. On December 12, 1986, seven months after filing its amended order of participation, the Department of Labor filed a motion to dismiss, supported by an affidavit, for failure to prosecute. No prior notice of this motion was given by the Department to the other parties in the action.

December 12 was a Friday. A copy of the motion was received by Martin's counsel the following Monday, December 15. On Tuesday, December 16, the District Court ordered Martin's petition for judicial review dismissed without prejudice, based on the Department's motion for dismissal for failure to prosecute. The form of the December 16 order had been supplied to the court along with the motion to dismiss.

Martin's counsel submitted a briefed motion for reconsideration of the dismissal on December 19, which was denied on December 24, 1986. Notice of entry of judgment was filed January 2, 1987.

The sole issue raised on appeal is whether the District Court abused its discretion in granting the motion to dismiss for failure to prosecute.

Rule 41(b), M.R.Civ.P. is controlling. It states "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

The parties here do not argue the facts or procedure, but only the diligence with which Martin pursued his case. Martin contends he was under no obligation to advance the case or otherwise request the court to rule on his petition. The District Court was responsible for the delay, he asserts, hence the Department's and Hospital's remedy to spur action should have been a petition for a writ of mandate. The Department and Hospital respond that Martin failed to diligently pursue his case and that a motion to dismiss was

their most responsible alternative in pushing the case to its conclusion. For their purposes, they explain, a motion to dismiss was a more satisfactory alternative for resolution of the case than a writ of mandate.

There is inherent power in a district court, in the exercise of sound discretion, to dismiss an action for failure to prosecute. See Jangula v. United States Rubber Co. (1967), 149 Mont. 241, 425 P.2d 319 and cases cited therein. However, the trial court's discretion is not without bounds. "[I]t must be borne in mind that courts 'exist primarily to afford a forum to settle litigable matters between disputing parties.'" Brymerski v. City of Great Falls (1981), 195 Mont. 428, 431-432, 636 P.2d 846, 848. Further, the policy favoring the resolution of a case on its merits is more compelling than the underlying policy of Rule 41(b) of preventing unreasonable delays. Brymerski, 195 Mont. at 432, 636 P.2d at 849. Courts recognize the need to balance judicial efficiency against a plaintiff's right to meaningful access to the judicial system.

Failure to prosecute simply means that a plaintiff has failed to exercise due diligence in bringing his case to conclusion. Shackleton v. Neil (Mont. 1983), 672 P.2d 1112, 40 St.Rep. 1920. The mere lapse of time does not justify dismissal if the plaintiff has not been lacking in diligence, since expedition for its own sake is not the goal. Alexander v. Pacific Maritime Assoc. (9th Cir. 1970), 434 F.2d 281.

In the instant case, the District Court's dismissal of Martin's action is simply not justified by the circumstances. The petition for judicial review was filed in the District Court in January, 1984. Martin made his motion for summary judgment and motion for judgment on the record in December, 1984. Martin's motions were fully briefed at that time. The Hospital's brief in support of its motion to dismiss was

filed in January, 1985. The parties were thus asking for a legal decision based upon the record. When the District Court did not act by August 30, 1985, the Hospital and Martin filed a stipulation that the case was fully submitted on the briefs. All that remained was a decision by the District Court. The parties were still waiting for the District Court's decision ten months later, when the Board filed its amended notice of participation in June, 1986. Seven months later, in December, 1986, the Board filed its motion to dismiss. Four days later the motion was granted, when Martin had but one day's notice that the motion was filed.

It was as much the responsibility of the Hospital and the Department, as it was Martin's, to bring to the District Court's attention the fact that the pending motions had not been ruled upon. Yet the effect of the Department's motion to dismiss was to cast all of the responsibility upon Martin.

We hold that the District Court abused its discretion by failing to provide Martin with meaningful access to the judicial system. The dismissal was inappropriate. We therefore reverse the District Court's dismissal and remand for further proceedings.

Reversed and remanded.

_John C. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_____

_____,

_William E. Hunt_
Justices

- 6 -