No. 87-407

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

TIMBER TRACTS, INC.,
a Montana corp.,

        Plaintiff and Appellant,

-vs-

FERGUS ELECTRIC COOPERATIVE, INC.,
a Montana corp.,

        Defendant and Respondent.

---

APPEAL FROM:  The District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter Rapkoch, Judge presiding .

COUNSEL OF RECORD:

    For Appellant:

        Floyd A. Brower, Roundup, Montana
        Ralph Herriott, Billings, Montana

    For Respondent:

        Herndon, Harper & Munro; Donald R. Herndon, Billings,
        Montana
        William A. Spoja, Jr., Lewistown, Montana

---

Submitted on Briefs:  Feb. 4, 1988

Decided:  March 3, 1988

Filed:  MAR 3 - 1988

*Ethel M. Harrison*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Timber Tracts, Inc., hereafter referred to as plaintiff, filed a contract action against Fergus Electric Cooperative, hereafter referred to as defendant, in the District Court of the Tenth Judicial District, Fergus County, on June 16, 1981. On July 1, 1987, that District Court, held a hearing on defendant's motion to dismiss the cause for lack of prosecution under Rule 41(b), M.R.Civ.P. An order dismissing the cause with prejudice issued on August 27, 1987.

The plaintiff conducted a minimal amount of preparation for litigation in the six years and two months that this cause was alive. It issued one set of interrogatories to defendant in December 1981 (five and one-half months after it filed its complaint); it noticed the taking of the deposition of Clovis W. Rader on November 17, 1981 (five months after filing the complaint), and took that deposition on December 4, 1981 (five and one-half months after the filing of the complaint); it noticed the taking of depositions of seven current and former directors of the defendant-corporation on January 8, 1982 (nearly seven months after filing its complaint), but never took their depositions; it argued against defendant's motion for a protective order on January 14, 1982 (seven months after filing its complaint) but never filed the post-hearing brief after having demanded the opportunity to file briefs. Consequently no decision ever issued on the defendant's protective order.

The defendant, meanwhile, submitted three sets of interrogatories. The first was issued on September 1, 1981 and answered on October 7, 1981. The second was issued on October 7, 1981 and answered on November 5, 1981. The third

2

was issued on February 8, 1982, but plaintiff did not serve its answers until January 11, 1984, some 23 months later and some two years and seven months after the complaint had been filed. The plaintiff-corporation took no action to pursue its claim after this date.

The defendant moved to dismiss for lack of prosecution on December 31, 1985. A hearing on the motion was continued when Floyd Brower, the plaintiff-corporation's president as well as attorney, could not attend because of illness. The motion was renewed on June 3, 1987, 72 months after the complaint, and was heard on July 1, 1987. Brower testified that the plaintiff-corporation had paid four attorneys more than $24,000 to prepare the case for trial. He noted also that while the plaintiff-corporation had resorted to reorganization under Chapter 11 of the U.S. Brankruptcy Code, that he had moved to have the automatic stay lifted so that the lawsuit could proceed. The District Court, unconvinced that these factors represented excusable neglect, granted the defendant's motion.

We confront the sole issue of whether the District Court abused its discretion by dismissing the cause with prejudice. We affirm.

Failure to prosecute a civil action arises whenever a plaintiff has not exercised due diligence in bringing his cause to trial. Shackleton v. Neil (Mont. 1983), 672 P.2d 1112, 1114, 40 St.Rep. 1920, 1923. Rule 41(b) allows the defendant to request an involuntary dismissal in such cases. The Rule states in part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him . . . (Emphasis added.)

3

There is no precise rule or formula to determine what length of a period of inactivity represents a failure to prosecute. The question of whether there has been a failure to prosecute is one left to the discretion of the district court. Shackleton, 672 P.2d at 1115; Brymerski v. City of Great Falls (1981), 195 Mont. 428, 431, 636 P.2d 846, 848. The district court's decision will not be disturbed unless that court clearly abused its discretion. Shackleton, 672 P.2d at 1115, quoting Nealey v. Transportacion Maritima Mexicana, S.A. (9th Cir. 1980), 662 F.2d 1275, at 1278. Keeping in mind that courts "exist primarily to afford a forum to settle litigable matters between disputing parties," the district court must balance judicial efficiency against the plaintiff's right to meaningful access to the judicial system. Martin v. Board of Labor Appeals (Mont. 1987), 737 P.2d 488, 490, 44 St.Rep. 951, 954, citing Brymerski, 636 P.2d at 848.

The District Court must carefully consider the recent actions of the plaintiff. When the plaintiff has resumed work on the case and is diligently prosecuting it at the time the motion is filed the motion should not be granted since the policy favoring resolution of a case on its merits is more compelling than the rationale of Rule 41(b), which is to prevent unreasonable delay. Brymerski, 636 P.2d at 848-49. In the three and one-half months before the defendant filed its motion to dismiss in Brymerski, the plaintiff had substituted counsel, filed answers to four-year-old interrogatories, and submitted interrogatories of its own to the defendants. This Court held that defendant's motion to dismiss was not timely. Brymerski, 636 P.2d at 849. The plaintiff's resumption of the case must be "active" and "diligent." The mere scheduling of depositions is not enough to stave off a dismissal for lack of prosecution.

4

Diversified Realty, Inc. v. Holenstein (Mont. 1986), 721 P.2d 752, 754, 43 St.Rep. 1249, 1252.

In the case at bar, the plaintiff had seventeen months' notice from the time defendant first moved to dismiss the cause until the time that motion was renewed. The record shows that in that period, the plaintiff did nothing more than to express its opposition to the first motion, supported by brief, and move to continue the first scheduled hearing because of Brower's illness. The absence of any further discovery does _not_ show active and diligent pursuit of the cause. This conclusion is accentuated by plaintiff's knowledge that one motion to dismiss had been filed and might be renewed. See, Chicago Title Insurance Co. v. Wheat (Mont. 1985), 699 P.2d 597, 42 St.Rep. 671. The burden is upon the plaintiff to demonstrate a reasonable excuse for his neglect. If the plaintiff fails to carry that burden, the delay is considered unreasonable and the defendant is presumed to have been prejudiced. Wheat, 699 P.2d at 599.

The plaintiff-corporation's president, Floyd Brower, himself a practicing attorney, attempts to lay much of the blame at the feet of other attorneys the plaintiff had retained to handle the matter. Brower, though, had been counsel of record since October 14, 1981 and had hired associates for his law firm on two occasions during the course of this action with the understanding that they would prepare the cause for trial. The record shows that no discovery was ever conducted by either associate. The plaintiff also retained a Helena lawyer to handle the cause as senior counsel when it went to trial. This attorney ultimately was forced to withdraw because of a conflict of interest.

Even assuming that the attorneys hired by the plaintiff were derelict, the client is not totally absolved of its

5

responsibility to move the cause to trial. *Diversified Realty*, 721 P.2d at 755. At the conclusion of the hearing on the motion to dismiss, the District Judge stated:

> Mr. Brower, you are the president of Timber Tracts, the Plaintiff in this matter. But you're also an attorney and as such have a fiduciary duty as the president of the corporation to pay attention to and be ruled by and to take care of the interests and business matters, legal matters of the Plaintiff corporation. The record is just replete with that not having been done. And evidently, the attorneys who were hired by the Plaintiff to handle this case as you've testified, didn't do the job. The client, especially an informed client, is bound by the actions or inactions of its counsel. And because the rule is when a party represents himself or herself that party, that self-representing party is bound by the law of both the procedure and the substantive laws.

Because the court's statement represents an accurate summary of Mr. Brower's testimony and reflects the rule that an attorney must use a reasonable degree of care or skill to protect his client, see, Clinton v. Miller (1951), 124 Mont. 463, 483-84, 226 P.2d 487, 498, the District Court did not err when it found no reasonable excuse. The plaintiff's assertion that it could not progress with its cause because the District Court had never ruled on the defendant's motion for a protective order is similarly without merit. The court never ruled on that protective order because the plaintiff failed to submit a brief after requesting that briefs be submitted. Such inaction, besides showing disdain for the court, shows a failure to act diligently in this claim. Similarly, there is no merit in Brower's assertion that he delayed action in this case because he thought the Chapter 11

6

automatic stay precluded further action. It was his responsibility in furtherance of this action to notify the District Court and the defendant of the proposed reorganization and then to learn from bankruptcy specialists how the automatic stay affected this action. The plaintiff failed to do this.

Because plaintiff could not demonstrate reasonable excuse and the cause had lingered for more than five years with no activity except to answer the defendant's interrogatories and motions, the court did not err when it ruled the plaintiff had not been diligent and consequently dismissed the cause.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices