No. 88-270

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

MARGIE P. COOK, FLOYD A. BROWER,
NORMA YOUNT and NORMA YOUNT as
Personal Representative of the
Estate of Wilbur J. Yount,

            Plaintiffs and Appellants,

-vs-

FERGUS ELECTRIC COOPERATIVE, INC.,
a Montana corporation,

            Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Tenth Judicial District,
             In and for the County of Fergus,
             The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

            Floyd A. Brower, Roundup, Montana

       For Respondent:

            Herndon, Hartman, Sweeney & Halverson; Donald R.
            Herndon, Billings, Montana

_____

Submitted on Briefs:  Nov. 3, 1988

Decided:   December 15, 1988

Filed:

FILED
'88 DEC 15 AM 11 33

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an appeal from the Tenth Judicial District, Fergus County, Montana, of that court's order dismissing plaintiff's suit for failure to prosecute, pursuant to Rule 41(b), M.R.Civ.P. We affirm.

This case and a companion case, Timber Tracts, Inc. v. Fergus Electric Cooperative, Inc. (Mont. 1988), 753 P.2d 854, 45 St.Rep. 415, (Timber Tracts) arose from plaintiffs' claim that the defendant had agreed to extend electrical service to plaintiffs' properties at no cost. Subsequent to the alleged agreement, the bylaws of the electrical co-op were changed to provide that fees would be charged for extending said electrical service. As a result of the change, plaintiffs in the instant action and in Timber Tracts filed suit seeking enforcement of the alleged agreement. The Timber Tracts case was filed in Fergus County on June 16, 1981, the instant case was filed in Musselshell County on October 31, 1983.

Defendant Fergus Electric Cooperative, Inc. (Fergus) moved for dismissal of both actions on June 3, 1987 for failure to prosecute, pursuant to Rule 41(b), M.R.Civ.P. Subsequent to a hearing on July 1, 1987, the Timber Tracts case was dismissed by the District Court in an order issued August 27, 1987. This Court affirmed that dismissal in an opinion issued March 3, 1988. The hearing on the motion to dismiss in the instant case was held on August 11, 1987, and a memorandum opinion was issued on April 26, 1988, dismissing the action pursuant to Rule 41(b), M.R.Civ.P.

Plaintiffs filed their notice of appeal on May 23, 1988. Pursuant to a stipulation between the parties at the hearing on August 11, 1987, the District Court file for the Timber Tracts case was incorporated into the District Court

file for the instant case. Because of that stipulation to include the Timber Tracts file, we find it necessary to examine the course of litigation from the filing of the Timber Tracts complaint in 1981.

The factual basis upon which this Court affirmed the dismissal of the Timber Tracts case is summarized on page 855 of that opinion:

> The plaintiff conducted a minimal amount of preparation for litigation in the six years and two months that this cause was alive. It issued one set of interrogatories to defendant in December 1981 (five and one-half months after it filed its complaint); it noticed the taking of the deposition of Clovis W. Rader on November 17, 1981 (five months after filing the complaint), and took that deposition on December 4, 1981 (five and one-half months after the filing of the complaint); it noticed the taking of depositions of seven current and former directors of the defendant-corporation on January 8, 1982 (nearly seven months after filing its complaint), but never took their depositions; it argued against defendant's motion for a protective order on January 14, 1982 (seven months after filing its complaint) but never filed the post-hearing brief after having demanded the opportunity to file briefs. Consequently no decision ever issued on the defendant's protective order.

Timber Tracts, 753 P.2d at 855. This Court noted that the defendant submitted three sets of interrogatories, two in 1981, which the plaintiff answered in 1981, and a third set issued on February 8, 1982, which the plaintiff failed to answer until January 11, 1984. After that point in time, plaintiff took no further action in pursuit of its claim until defendant filed a motion to dismiss. The defendant moved for a dismissal of the Timber Tracts case for lack of

3

prosecution on December 31, 1985, but no hearing was held on that motion due to the illness of Floyd Brower, plaintiff corporation's president and attorney. Defendant renewed its motion for dismissal on June 3, 1987.

In the instant case, plaintiffs filed their complaint on October 31, 1983, and then moved for substitution of judge on February 7, 1984, from Judge Rapkoch to Judge Ettien. No further action was taken until plaintiffs filed a motion for extension of time to file an answer brief on June 23, 1987, after the motion for dismissal had been filed. It should also be noted that during the prosecution of the two cases, Timber Tracts, Inc. was in Chapter 11 Bankruptcy proceedings from October, 1985 to February 27, 1987, and that Floyd Brower was in Chapter 11 Bankruptcy proceedings from February, 1986 to October 28, 1986.

The sole issue presented for review is: Did the District Court abuse its discretion in granting defendant's motion to dismiss plaintiffs' action for failure to prosecute and in dismissing the case with prejudice?

Rule 41(b), M.R.Civ.P., has been interpreted as providing that a defendant may request involuntary dismissal of a civil action where a plaintiff fails to exercise due diligence, absent a sufficient showing of excuse, in bringing his or her case to trial. Shackleton v. Neil (1983), 207 Mont. 96, 101, 672 P.2d 1112, 1115. No precise rule or formula sets forth what period of inactivity is necessary to find a failure to prosecute. The question has been left to the discretion of the district court, and the court's decision will not be disturbed absent a clear abuse of discretion. See, Timber Tracts, 753 P.2d at 856, and cases cited therein.

The district court's decision, however, is not without limit. The court must "balance judicial efficiency against

4

the plaintiff's right to meaningful access to the judicial system." Timber Tracts, 753 P.2d at 856. The court must also balance plaintiff's reasonable excuse, where it finds unreasonable delay, against the prejudice caused to the defendant by the delay. However, if the court finds unreasonable delay exists, the law presumes an impairment of the defendant's defenses. Shackleton, 672 P.2d at 1115, citing Peters v. Newkirk (Mont. 1981), 633 P.2d 1210, 1212, 38 St.Rep. 1526, 1528.

Plaintiffs contend their pursuit of this case was prejudiced when they were unable to actively pursue the Timber Tracts case, the companion case, because of the lack of a ruling on the motion for protective order. As in Timber Tracts, we find this contention is without merit. The court did not rule on the motion because plaintiff asked for an opportunity to submit a post hearing brief which he then failed to submit. Plaintiffs contend that most of the discovery necessary to bring this case to a conclusion was developed through the Timber Tracts case and that including that discovery in this case absolved plaintiffs of the lack of discovery conducted in this case. Regarding this contention, we note that no discovery had been conducted in the companion case after January, 1984. If the discovery had been completed, plaintiffs had a duty to pursue the prosecution and bring the case to trial. If discovery was not complete, it was their duty to see steps were taken to ensure it was conducted. Rule 41(b), M.R.Civ.P. The plaintiffs pursued neither course of action, showing the court no indication of their desire to bring the case to trial. Plaintiffs also contend that they were forced to employ various attorneys of record on the case at various times for various reasons causing them hardship and delay. As to plaintiffs' problems with their various attorneys being an

5

excuse for failing to diligently prosecute the case, we cite to Diversified Realty, Inc. v. Holenstein (Mont. 1986), 721 P.2d 752, 43 St.Rep. 1249, where this Court stated:

> Although Diversified, as it suggests, may have been the victim of inadvertence and mistake on the part of its numerous attorneys, it was still at least partially responsible for the progress of its case over an eight year period. Diversified cannot obtain relief, however unintentional, from its own lack of concern over such an extended period of time.

Diversified Realty, 721 P.2d at 755. We find even less justification for the lack of progress in this case because one of the plaintiffs is an attorney and his law firm is listed as counsel of record.

Plaintiffs, further claim that the automatic stay orders issued under Chapter 11 Bankruptcy proceedings for plaintiff Brower precluded their ability to proceed in this case. We note plaintiffs admit they were mistaken in this belief as the Bankruptcy proceedings on behalf of plaintiff Brower did not preclude pursuit of this action. Further, even after the Chapter 11 plan was filed and any automatic stay order effectively lifted, plaintiffs took no action for seven months before defendant filed its motion to dismiss.

Lastly, plaintiffs contend that the District Court's failure to issue an order in response to defendant's motion to compel discovery, which was filed on December 31, 1985, caused the delay. Examining the record regarding this contention we find the motion to compel was submitted to obtain written answers to interrogatories and requests for production; the answers were over 28 months late at that date. Plaintiffs failed to object to the motion or submit an answer brief. Rule II, of the Montana Uniform District Court

6

Rules, (1985), then in effect, provided that an adverse party's failure to file an answer brief constitutes an admission that the motion is well-taken. We hold that when the plaintiffs conceded the motion was well-taken, yet failed to provide the requested discovery, they cannot then claim that they were hampered by the court's failure to rule on the motion. Even if they were in fact hampered, they failed to take any of the steps available which would have brought the matter to the court's attention. We also note that had the court ruled on the motion to compel, it would have been within its discretion to dismiss the case at that time, for plaintiffs' failure to serve timely answers to the interrogatories and requests for production pursuant to Rule 37(d), M.R.Civ.P. See, Dassori v. Roy Stanley Chevrolet Co. (Mont. 1986), 728 P.2d 430, 43 St.Rep. 2113.

Having examined all the excuses put forward by plaintiffs and finding no clear error on the part of the District Court, we affirm its decision.

Justice

We concur:

Chief Justice

Justices

7