Justice James Jeremiah Shea, dissenting.
¶ 48 I dissent from the Court's resolution of Issue One. Specifically, I take issue with the Court's analysis of the first Becky factor-a plaintiff's diligence in prosecution of his claims-and the fourth Becky factor-pre-dismissal warning to the plaintiff. Becky , 245 Mont. at 8, 798 P.2d at 1015 ; Opinion, ¶¶ 16, 20-27, 39. I would hold that the District Court abused its discretion when it dismissed ECI's action pursuant to Diamond's Rule 41(b) Motion, and I would reverse the dismissal.
¶ 49 "[C]ourts exist primarily to afford a forum to settle litigable matters between disputing parties." Cox v. Myllymaki , 231 Mont. 320, 322, 752 P.2d 1093, 1094 (1988) (internal citations omitted); Becky , 245 Mont. at 7, 798 P.2d at 1015. Accordingly, this Court encourages the cautious exercise of a district court's discretion to dismiss an action under Rule 41(b) because dismissal is a harsh remedy and such dismissals are frequently caused by counsel's inattention, rather than by a plaintiff's own wrongdoing. Chisholm v. First Nat'l Bank , 235 Mont. 219, 225, 766 P.2d 868, 872 (1988). Such is the case here.
First Becky Factor
¶ 50 Under Rule 41(b), "[i]f the plaintiff fails to prosecute ... a defendant may move to dismiss the action or any claim against it." A plaintiff "fails to prosecute" his case when he does not exercise reasonable diligence in bringing his case to conclusion. Shackleton , 207 Mont. at 100, 672 P.2d at 1114. In reviewing a district court's involuntary dismissal under the first Becky factor, this Court must therefore analyze what constitutes reasonable diligence. Becky , 245 Mont. at 8-9, 798 P.2d at 1015-16. For this analysis, this Court must evaluate the complete record and the individual circumstances of the case. See ***188 Brymerski v. Great Falls , 195 Mont. 428, 431-32, 636 P.2d 846, 848-49 (1981) (emphasizing the importance of the period immediately preceding a motion to dismiss, yet still reviewing the record in its entirety); A.M. Welles, Inc. v. Mont. Materials, Inc. , 2015 MT 38, ¶ 22, 378 Mont. 173, 342 P.3d 987 (stating that, "our precedent suggests that the individual circumstances of a case determine whether a delay of this length is unreasonable" and holding the State's seventeenth-month delay was not unreasonable). The lapse of time is insufficient, on its own, to justify dismissal. Becky , 245 Mont. at 7, 798 P.2d at 1015.
¶ 51 We previously held where a plaintiff actively resumes prosecution of his case following a dilatory period, "the policy favoring the resolution of a case on its merits is more compelling than the policy underlying *698 Rule 41(b) which is to prevent unreasonable delays." Brymerski 195 Mont. at 431-32, 636 P.2d at 848-49. Our precedent reflects that we have only upheld the use of the extreme remedy of involuntary dismissal when a plaintiff's actions-or inactions-were particularly egregious. See e.g., Shackleton , 207 Mont. at 103, 672 P.2d at 1116 (affirming an involuntary dismissal where a plaintiff filed only two interrogatories during the pendency of the proceeding and did very little else over the course of seven years to bring his case to conclusion); Westland , 259 Mont. at 416-18, 856 P.2d at 1377-78 (affirming an involuntary dismissal where a plaintiff failed to offer a reasonable excuse for the five-year delay in bringing his simple case to trial).
¶ 52 Despite our precedent disfavoring involuntary dismissals, and despite acknowledging, "ECI's case is unusual because ECI initially invested considerable time and effort and received a favorable ruling, before it allowed this case to languish," Opinion ¶ 21, the Court nevertheless concludes, "we fail to see how ECI's early diligence obviates its later two-and-a-half-year inattention." Opinion, ¶ 20. To place the Court's conclusion in its proper context relative to our precedent: In cases where a plaintiff takes no action for over three years, but then takes minimal action three months before a Rule 41(b) motion to dismiss, this Court would hold that "the policy favoring the resolution of a case on its merits is more compelling than the policy underlying Rule 41(b) which is to prevent unreasonable delays." Brymerski , 195 Mont. at 430, 431-32, 636 P.2d at 847, 848-49. But in a case where a plaintiff is extremely diligent over the course of two-and-a-half ***189 years,[1] engages in active pretrial discovery and motion practice, to the point of securing partial summary judgment on liability, the policy of favoring resolution of a case on its merits is blithely jettisoned with a cursory "Sorry, we just don't see it in this case." Our precedent, and indeed the language of Rule 41(b) itself, compels a review of the entire record, from start to finish, when evaluating whether a claim should be dismissed for "fail[ure] to prosecute." The prosecution of a claim does not occur within discrete windows of time. It is a process which inevitably will include periods of greater and lesser activity. There is an irreconcilable dissonance between the Court's acknowledgement that ECI has "invested considerable time and effort," Opinion, ¶ 21, in prosecuting its claim with its ultimate determination that the claim should be dismissed because ECI has "failed to prosecute." The twenty-eight month delay prior to dismissal was undoubtedly poor practice by ECI. Still, our precedent favoring trial on the merits would reserve dismissals of this nature to the most extreme case where the entire record and circumstances evince an utter lack of diligence by the plaintiff. Rule 41(b) was not intended to be applied in instances, such as this, where the case was vigorously litigated for over two years prior to the period of inactivity.
Fourth Becky Factor
¶ 53 More troubling still is the Court's cursory resolution of the fourth Becky factor-whether there was a pre-dismissal warning to the plaintiff. The District Court conceded that it "did not issue a formal notice pursuant to [ ] § 25-1-104, [MCA ]," but because a warning is not a prerequisite to dismissal under Rule 41(b), and because ECI did not argue it was unaware of § 25-1-104, MCA, and Rule 41(b), the District Court determined this factor weighed only "slightly in favor" of ECI. In affirming the District Court's ruling on this point, this Court summarily concludes:
We agree this factor weighs in ECI's favor since the District Court offered no warning.... [h]owever, we have previously held that a warning is not a prerequisite to dismissal under Rule 41(b). Thus, it is not a prerequisite here.
Opinion, ¶ 39 (internal citations omitted). The Court acknowledges that because ECI's case was dismissed without warning, this factor ***190 "weighs in ECI's favor," and admits that warning ECI was appropriate here, but the Court then fails to give it any substantive *699 consideration as a factor because "it is not a prerequisite." None of the four Becky factors are prerequisites. That's the point-they are factors to be weighed relative to each other in reaching a final conclusion. Unfortunately, in minimizing the fourth factor, the Court deemphasizes the pertinent procedural history regarding how ECI's case came to be dismissed.
¶ 54 Section 25-1-104, MCA, requires that a plaintiff receive a warning before dismissal of a case for failure to prosecute. The District Court did not issue the required warning to ECI before dismissing its case pursuant to § 25-1-104, MCA. ECI moved to reopen the case because it had not received a warning. Diamond opposed ECI's motion to reopen-even though dismissal was clearly erroneous because of the lack of warning-and at the same time offered the District Court an alternative route to dismissal without warning via Rule 41(b). The District Court acknowledged that it erred by dismissing ECI's case without warning pursuant to § 25-1-104, MCA, Opinion, ¶ 39, and reopened the case, but then dismissed it without warning in the same order, pursuant to Rule 41(b). It was not until prompted by the District Court's erroneous dismissal under § 25-1-104, MCA, that Diamond filed its Rule 41(b) Motion. So despite the error, Diamond sought the same relief under a different procedural mechanism, and the District Court granted it.
¶ 55 At its essence, the principle underlying a notice requirement in any statute or rule is to afford parties due process. See Mont. Const. art II, § 17. This is why, even though Rule 41(b) does not include a warning requirement as does § 25-1-104, MCA, we have nevertheless seen fit to impose it as a factor that warrants due consideration. These factors are not simply boxes to be checked-to merely acknowledge they exist and then move on to a conclusion. A court must thoroughly consider each factor in making its decision. No particular factor is determinative; all the factors must be weighed in the light of the facts and circumstances of the case. State v. Thompson , 263 Mont. 17, 32, 865 P.2d 1125, 1135 (1993) (analyzing factors in the context of a defendant's right to a speedy trial); see also United States v. O'Brien , 560 U.S. 218, 224, 130 S.Ct. 2169, 2174, 176 L.Ed.2d 979 (2010) ("[f]actors may guide or confine a judge's discretion....") (analyzing sentencing factors).
¶ 56 While it is true that a warning is not a "prerequisite" to dismissal under Rule 41(b), Pool, 283 Mont. at 290, 939 P.2d at 1013, it is still a factor the district court must consider, Becky , 245 Mont. at 8, 798 P.2d at 1015. See also Becky , 245 Mont. at 10, 798 P.2d at 1017 (Weber, J., ***191 concurring) ("[i]n particular, I note the complete absence of a warning to the plaintiffs that their action was in danger of being dismissed.... [u]nder the facts of this case it would have been entirely appropriate to give a warning, granting an appropriate period of time in which to actually prosecute the lawsuit...."). Just as a district court must give thorough weight and consideration to each factor, so too must this Court carefully review a district court's analysis in this regard. Instead, this Court dismisses the pre-dismissal warning to a plaintiff as a nonfactor. I find this consideration inadequate and incongruous with the circumstances of the case.
¶ 57 I dissent.
Chief Justice Mike McGrath joins in the dissenting Opinion of Justice Shea.

Of the 119 pre-appeal docket entries in this case, 106 took place before the District Court ordered the case closed.