No. 95-125

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CHARLES M. CRUIKSHANK III,

Plaintiff and Appellant,

v.

SARAH B. CRUIKSHANK,
a/k/a SARAH K. BOWER,

Defendant and Respondent.

FILED

DEC 21 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Douglas C. Allen, Corder and Allen, Great Falls,
Montana

For Respondent:

C. W. Leaphart, Leaphart Law Firm, Helena, Montana

Submitted on Briefs:   October 19, 1995

Decided:   December 21, 1995

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Charles M. Cruikshank III (Cruikshank) appeals the decision of the Eighth Judicial District Court, Cascade County, dismissing his complaint against Sarah K. Bower (Bower) for lack of prosecution. We affirm.

The issue on appeal is whether the District Court erred in dismissing Cruikshank's complaint for lack of prosecution.

Cruikshank filed a complaint on December 18, 1987, and an amended complaint on January 8, 1990, in the Eighth Judicial District Court, Cascade County, seeking to domesticate two foreign judgments from the State of Washington against Bower. Bower filed motions to dismiss the respective complaints. On June 22, 1990, Cruikshank moved to voluntarily dismiss his complaint so that he could proceed with his cause of action in federal court. The state court claim was not dismissed and Bower filed a counterclaim against Cruikshank. Cruikshank failed to respond to Bower's counterclaim and default was entered against him on April 10, 1991. On October 30, 1991, Cruikshank moved the District Court to set aside the default on the counterclaim. No further action was taken on this case, and on November 10, 1994, Bower moved the court to dismiss Cruikshank's complaint for lack of prosecution pursuant to

2

Rule 41 (b), M.R.Civ.P. After briefing by both parties, the court granted Bower's motion and dismissed Cruikshank's complaint. Cruikshank appeals from the District Court's order dismissing his complaint.

Did the District Court err in dismissing Cruikshank's complaint for lack of prosecution?

Cruikshank argues that the District Court erred by dismissing his complaint based on the criteria set forth in this Court's previous opinion in DeJana v. Oleson (1994), 264 Mont. 62, 869 P.2d 785. We review a district court's dismissal of a civil action for failure to prosecute to determine whether the court abused its discretion. Becky v. Norwest Bank (1990), 245 Mont. 1, 798 P.2d 1011.

In DeJana, 869 P.2d at 787, this Court set forth the factors which a district court must consider before dismissing an action for failure to prosecute. Those factors are:

1.   the plaintiff's diligence in prosecuting his or her claims;

2.   the prejudice to the defense caused by the plaintiff's delay;

3.   the availability of alternate sanctions; and

4.   the existence of a warning to plaintiff that his or her case is in danger of dismissal.

Over seven years passed between Cruikshank's filing of his initial complaint and the District Court's dismissal. Cruikshank argues that the court failed to act on his 1992 motion to set aside the default judgment entered in favor of Bower on her counterclaim.

3

He insists that the delay from that point on is attributable to the District Court and should therefore not be grounds for dismissal. We disagree.

While the court failed to act on Cruikshank's motion to set aside the default judgment on the counterclaim, this related only to the counterclaim. The court's failure to act on Cruikshank's motion did not prevent him from proceeding on his amended complaint. As the plaintiff, Cruikshank had an affirmative duty to process his complaint. Cruikshank took few if any affirmative steps to bring this cause of action to trial or to reach a settlement. We conclude that Cruikshank was not diligent in prosecuting his claim and that the delay was not attributable to the District Court.

Concerning the second criteria, whether the defendant was prejudiced by the delay, this Court has previously held that once an unreasonable delay has been shown, the plaintiff has the burden of establishing a reasonable excuse for the delay. Calaway v. Jones (1978), 177 Mont. 516, 520, 582 P.2d 756, 758; Shackleton v. Neil (1983), 207 Mont. 96, 102, 672 P.2d 1112, 1115. As discussed above, Cruikshank has not been able to attribute the delay to the District Court nor does he present any other reasonable explanation for the seven-year lapse of time since the filing of his initial complaint. We conclude that the delay in this case was unreasonable and Cruikshank has failed to establish a reasonable excuse for it. The delay is therefore presumptively prejudicial to the defendant, Bower.

4

We likewise agree with the District Court that after seven years of inactivity, no other reasonable sanctions exist. Nothing in the record reveals that, given another chance, Cruikshank would diligently prosecute his claim and he suggests no other alternatives which appear reasonable to this Court. We conclude that no available sanctions exist which would not further prejudice Bower.

Finally, Bower filed a motion to dismiss for lack of prosecution. Both parties were given ample opportunity to brief the issue and both in fact submitted arguments to the District Court. We conclude that Cruikshank was given sufficient notice that his complaint was in jeopardy of being dismissed.

We hold that the District Court did not abuse its discretion for dismissing Cruikshank's complaint for failure to prosecute.

AFFIRMED.

_____
Chief Justice

We concur:

_____

_____
Justices

5

Justice Terry N. Trieweiler dissenting.

I dissent from the majority's conclusion that the District Court did not abuse its discretion when it dismissed the plaintiff's complaint for failure to prosecute. The principal problem with this case was a failure to adjudicate.

Plaintiff's original complaint was filed on December 18, 1987. A motion to dismiss was filed within 30 days. Briefs were filed in support and in opposition to that motion. However, the District Court simply failed to rule on the motion.

On January 8, 1990, the plaintiff filed an amended complaint. Two weeks later, the defendant filed a motion to dismiss that complaint. Again, briefs were filed both in support of and in opposition to the defendant's motion. However, once again the District Court simply failed to issue any order.

Finally, on June 22, 1990, having had no resolution of either motion to dismiss, and therefore, no answer having been filed, plaintiff simply moved the court to dismiss his claim in state court without prejudice so that he could refile it in federal court. No objection appears to have been filed to that motion. However, neither did the District Court ever grant or deny it.

On February 5, 1991, with still no answer to the plaintiff's amended complaint, the defendant filed a counterclaim in which she pointed out that during the pendency of the state court action plaintiff had apparently filed a complaint seeking similar relief in the federal district court. In her counterclaim, she sought sanctions pursuant to Rule 11 for vexatious and groundless

6

litigation and damages for abuse of process. On April 10, 1991, the defendant sought and received entry of the plaintiff's default for not having responded to her counterclaim in a timely fashion. On October 31, 1991, plaintiff moved to set aside the default which had been entered by the clerk without notice to the plaintiff. That motion was again fully briefed but never ruled upon.

Prior to that date, on September 30, 1991, plaintiff had apparently attempted to conduct discovery because on October 28 of that same year the defendant filed objections to plaintiff's interrogatories and requests for production.

On November 14, 1994, while all of the aforementioned loose ends were pending in the District Court, defendant filed a motion to dismiss the amended complaint for lack of prosecution pursuant to Rule 41(b), M.R.Civ.P. After briefs were submitted, but before issuing any warning to the plaintiff, and without consideration of alternative sanctions, the District Court issued its order dismissing plaintiff's amended complaint for lack of prosecution on December 29, 1994.

I conclude that the District Court abused its discretion when it dismissed plaintiff's amended complaint for two reasons. First, assuming that the four factors relied upon by the majority and set forth in *DeJana v. Oleson* (1994), 264 Mont. 62, 869 P.2d 785, have any merit, their application does not justify dismissal in this case. (1) It was not the plaintiff's lack of diligence which precluded resolution of this dispute. It was the District Court's lack of diligence. It would have been unreasonable and irresponsible to

7

incur further expense of litigation while a fully briefed motion to dismiss the plaintiff's amended complaint was pending. (2) Absolutely no consideration was given in this case to alternate sanctions, such as imposition of costs, attorney fees, or other damages which may have been sustained by the defendant as a result of delay. To arbitrarily conclude, as the majority does, that "no other reasonable sanctions exist," makes a mockery of the requirement that alternate sanctions be considered. (3) No warning was given to the plaintiff that his case was in danger of dismissal. Notice of a motion to dismiss for lack of prosecution is not a warning. The requirement that there be a warning presumes that the party being warned has an opportunity to cure the situation about which he is being warned. A motion to dismiss affords no such opportunity. It simply invites a response or argument regarding the merits of the motion. The majority's simplistic approach to this issue again renders meaningless the requirement that the District Court provide a warning.

Second, the whole idea of the *DeJana* criteria is a typically presumptuous and uninformed judicial approach to how attorneys should handle their cases. The criteria reflect the inclination of appellate courts to ignore common sense solutions whenever a bureaucratic formula can be relied on instead.

The solution to delay in the district court is for the court to set a case for trial. However, only the district court can do that.

8

The penalty for lack of preparation is usually failure. However, the attorney handling the case is in the best position to know what preparation is necessary for that case, and that preparation may not be reflected by formal discovery.

The district court, and only the district court, has the power to move cases to a conclusion. It strikes me as odd when district courts refuse to do so and then punish one of the parties who has no control over the matter. It strikes me as even more strange when this Court applies some arbitrary, irrelevant criteria to justify what the district court did.

For these reasons, I dissent from the majority opinion. I would reverse the District Court's dismissal of the plaintiff's complaint.

_____
Justice

9